JiDOUCET, Chief Judge.
The Plaintiffs appeal the trial court’s dismissal of their survival action pursuant to an exception of prescription.
Claude Domingue was employed as a gau-ger/pumper at certain oil field facilities. As such, he is alleged to have been exposed to benzene and benzene containing chemicals. In January 1994, he was diagnosed with non-Hodgkin’s lymphoma by Dr. Eugene Briere. Jason Domingue, his son, was present at the diagnosis. Jason testified via deposition that early in his father’s illness, he questioned Dr. Briere as to whether it was possible that exposure to the sorts of materials his father handled on the job could have caused his illness. According to Jason, Dr. Briere stated that he could not say with certainty that some of those ^substances could not have caused the condition. Claude Domingue died of the disease on August 17, 1994. His two sons filed suit on August 14, 1995, alleging both survival and wrongful death actions. The petition alleged that the decedent developed cancer as a result of exposure to cancer causing agents while an invitee at facilities operated by certain corporations named as defendants. Defendant, Samson Resources, filed an exception of prescription to the Plaintiffs’ survival action. Hilliard Oil & Gas, Inc. and Franks Petroleum joined in the exception. After a- hearing, the trial court rendered judgment sustaining the exception of prescription, and dismissing the Plaintiffs’ survival claim. The Plaintiffs appeal.
Plaintiffs assert that under La.Civ.Code art. 2315.1[1], they had a year after the death of their father to file a survival action.
The trial court, in a minute entry, cited Richardson v. Avondale Shipyards, Inc., 600 So.2d 801 (La.App. 5 Cir.1992) for the proposition that, because both the decedent and his son were put on notice of the possible cause of his illness soon after diagnosis, the prescriptive period for a survival action begins to run at that time. The trial court further stated that:
Plaintiffs rely on LSA-CIV.CODE Art. 2315.1 in support of their position that their survival action has not prescribed. However, the Court is of the opinion that the one year peremptive period set out in that article cannot be “stacked” with the one year prescriptive period set out in LSA-CIV.CODE Art. 3492 to allow claims *808 asserted more than a year after discovery. TAYLOR V. GIDDENS, 618 So.2d 834 (La.1993).
[gWe find the eases cited by the district court to be inapposite. In Taylor, a survival action arising out of alleged malpractice, the three year peremptive period of La.R.S. 9:5628 had passed prior to the death of the victim. In Richardson, 600 So.2d 801, more than a year had passed from the date of the victim’s discovery of the tortious conduct and the date of his death. The court in Richardson stated that:
Where the person who has been injured dies, the right to recover damages for the injury suffered by the deceased survives for one year from his death and is inherited by the beneficiaries listed in La.C.C. art. 2315.1. Where the right prescribed prior to the deceased’s death, however, it cannot be inherited because it does not exist. See Dunn v. North Community Hosp., 545 So.2d 1267 ([La.App.] 2nd Cir.1989), writ denied, 550 So.2d 633.
Id. at 803-04.
In neither case cited by the district court was there any right remaining to the decedent to be inherited. In the case before us, the victim died approximately seven months after diagnosis, the earliest date from which prescription could have begun to run. Therefore, prescription had not run and his right to recover damages was inherited by his sons.
We have found no case law which deals with the specific situation before us. However, although dealing with survival actions only in dicta, the Louisiana Supreme Court’s decision in Guidry v. Theriot, 377 So.2d 319, 324-25 (La.1979) is helpful. In that case, the court stated that:
We interpret Article 2315 to mean that if the victim dies within a year of injury and has not instituted claim, the beneficiary may institute the action within one year of the death.... We hold, therefore, that the action whether by the beneficiary or his heirs, must be instituted within one year of the victim’s death when no action was instituted by the victim.
We find no authority, statutory or jurisprudential, for any interpretation of La. Civ. Code art. 2315.1 which would differ from that put forward by the court in |4Guidry. Because the Plaintiffs’ filed suit within one year of their father’s death, the Defendants’ exception of prescription should have been denied. Accordingly, the judgment dismissing the Plaintiffs’ survival action is reversed. This case is remanded to the district court for further proceeding. Costs of this appeal are to be divided equally among the Defendants.
REVERSED AND REMANDED.

. La. Civ.Code art. 2315.1 provides, in pertinent part, that:
A. If a person who has been injured by an offense or quasi offense dies, the right to recover all damages for injury to that person, his properly or otherwise, caused by the offense or quasi offense, shall survive for a period of one year from the death of the deceased in favor of:
(1) The surviving spouse and child or children of the deceased, or either the spouse or the child or children.