934 So.2d 823 (2006)
In re: Medical Review Panel for the Claim of James Randall BREWER.
No. 2005 CA 0666.
Court of Appeal of Louisiana, First Circuit.
May 5, 2006.
*824 Alice Estill, G. Allen Walsh, Anatole J. Plaisance, Baton Rouge, Counsel for Appellants Eloise K. Brewer and Teresa Brewer Hernandez.
Aldric C. Poirier, Jr., James W. Vitrano, Mandeville, Counsel for Appellee Lakeview Regional Medical Center.
*825 Before: PARRO, MCDONALD and HUGHES, JJ.
McDONALD, J.
This is an appeal from a district court judgment sustaining an exception raising the objection of prescription. On November 29, 2002, Randall James Brewer was hospitalized at Lakeview Regional Medical Center and was standing for X-rays when he fell and was injured. When he was returned to his room, his family noticed that his face, arms and wrists were bloody, and the nurse explained what had happened. Mr. Brewer's health declined and he died on December 30, 2002.
On December 1, 2003, Mr. Brewer's widow, Elaine K. Brewer, and his two daughters, Teresa Brewer Hernandez and Mary Brewer Patrick (the plaintiffs), filed a petition in the district court asserting that Mr. Brewer sustained lacerations to his face, hands and arms from this fall that aggravated his medical condition and led to his death. LRMC filed an exception raising the objection of prematurity, as a medical review panel had not been convened. Thereafter, the parties entered into a consent judgment in which LRMC's exception of prematurity was sustained and the petition was dismissed without prejudice.
The plaintiffs thereafter faxed and mailed a petition to convene a medical review panel to the Louisiana Division of Administration on December 23, 2003.[1] The Louisiana Patient's Compensation Fund mailed a letter to the plaintiffs' counsel acknowledging receipt of the complaint. On January 2, 2004, LRMC filed a petition in the district court, asking that the case be assigned a docket number pursuant to La. R.S. 40:1299.47D(4) so that court processes could be used for discovery, subpoenas and the like for the purpose of obtaining evidence for presentation to the medical review panel. LRMC also filed a peremptory exception raising the objection of prescription in district court pursuant to La. R.S. 40:1299.47 B(2)(a), asserting that the claim for malpractice filed by the plaintiffs was prescribed on its face. LRMC asserted that the date of alleged malpractice was November 29, 2002, that the plaintiffs' complaint was deemed filed on December 23, 2003, the date they faxed and mailed a request for a review of a malpractice claim to the Division of Administration, thus more than a year had passed between the date of the alleged malpractice and the filing of the claim.
After a hearing, the district court sustained the exception of prescription and dismissed the malpractice complaint with prejudice. Mrs. Brewer and Ms. Hernandez (the appellants)[2] are appealing that judgment. The appellants assert that the district court erred in sustaining the exception of prescription as to the wrongful death action, because it was filed within one year of the date of Mr. Brewer's death, and that the district court erred in sustaining the exception of prescription as to the survival action because Mr. Brewer continued to receive medical treatment from LRMC until his death and had a continuing professional relationship with LRMC until his death.
In response, LRMC asserts that the plaintiffs acknowledged they knew of *826 the alleged malpractice on November 29, 2002, the date Mr. Brewer fell, which commenced prescription; therefore, the survival action is prescribed because they failed to file the medical malpractice complaint within one year of the alleged act, omission or neglect. Secondly, it asserts the plaintiffs' wrongful death action should be prescribed as they had actual notice of the alleged malpractice prior to Mr. Brewer's death. And finally, it asserts that the continuing treatment rule under the contra non valentem exception to prescription is inapplicable to this case because the plaintiffs were not prevented in any way from timely enforcing their rights.
Louisiana Revised Statute 9:5628 provides:
A. No action for damages for injury or death against any physician, chiropractor, nurse, licensed midwife practitioner, dentist, psychologist, optometrist, hospital or nursing home duly licensed under the laws of this state, or community blood center or tissue bank as defined in R.S. 40:1299.41(A), whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect; however, even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect.
B. The provisions of this Section shall apply to all persons whether or not infirm or under disability of any kind and including minors and interdicts.
C. The provisions of this Section shall apply to all healthcare providers listed herein or defined in R.S. 40:1299.41 regardless of whether the healthcare provider avails itself of the protections and provisions of R.S. 40:1299.41 et seq., by fulfilling the requirements necessary to qualify as listed in R.S. 40:1299.42 and 1299.44.
Prescription statutes are intended to protect defendants against stale claims and the lack of notification of a formal claim within the prescriptive period. Ordinarily, the burden of proof is on the party pleading prescription, however, if on the face of the petition it appears prescription has run, the burden shifts to the plaintiff to prove a suspension or interruption of the prescriptive period. Brown v. Our Lady of The Lake Regional Medical Center, 00-2548 (La.App. 1 Cir. 12/28/01) 803 So.2d 1135, 1137.

THE SURVIVAL ACTION
La. C.C. art. 2315.1 grants to designated beneficiaries a cause of action to recover the damages that a person suffered and would have been entitled to recover from a tortfeasor, if the person had lived. This is ordinarily called the survival action. This cause of action survives the death of the injured party and passes to the beneficiaries as an inheritable property right. The survival action comes into existence simultaneously with the commission of the tort and is transmitted to the beneficiaries upon the victim's death. The survival action permits recovery only for the damages suffered by the victim from the time of the injury to the moment of death. The elements of damage for the survival action are pain and suffering, loss of earnings and other damages sustained by the victim up to the moment of death. Pierre v. Lallie Kemp Charity Hospital, 515 So.2d 614, 618 (La.App. 1 Cir.), writ denied, 515 So.2d 1111 (La.1987); La. C.C. art. 2315.1.
The survival action, which is a derivative of the malpractice victim's action, is linked to the inception of the tortuous *827 act, omission or neglect. The action is based on the victim's right to recovery being transferred by operation of law to the beneficiary. The action is dependent on the victim having a viable malpractice action on the date of death. Taylor v. Giddens, 618 So.2d 834, 840 (La.1993). (Footnote omitted).
Mr. Brewer's injury occurred on November 29, 2002, and the survival action claim was filed on December 23, 2003, more than one year after the injury. Thus, the district court correctly found that the survival action had prescribed.

THE WRONGFUL DEATH ACTION
Louisiana Civil Code article 2315.2 grants to designated beneficiaries the right to recover from a tortfeasor such damages as the beneficiaries have suffered if a person dies as a result of a tort. This cause of action is ordinarily called the wrongful death action. The wrongful death action does not arise until the injured person dies. The wrongful death action is intended to compensate the beneficiaries for compensable injuries suffered from the moment of death and thereafter. Pierre v. Lallie Kemp Charity Hospital, 515 So.2d at 617; La. C.C. art. 2315.2
Wrongful death actions are not within the scope of La. R.S. 9:5628, which governs the time plaintiffs have to assert medical malpractice claims. The prescriptive period for a wrongful death action is controlled by La. C.C. art. 3492, the one-year liberative period applicable to delictual actions. Brown v. Our Lady of The Lake Regional Medical Center, 803 So.2d at 1137; Taylor v. Giddens, 618 So.2d at 840-41. Thus, the one-year prescriptive period for the wrongful death action commenced on the day of Mr. Brewer's death, December 30, 2002. This suit was filed on December 23, 2003, within one year of Mr. Brewer's death. Thus, the district court erred in finding that the wrongful death claim by the plaintiffs had prescribed.

CONCLUSION
Therefore, for the foregoing reasons, that portion of the district court judgment sustaining the exception of prescription on the plaintiffs' survival action is affirmed; that portion of the judgment which sustained the exception of prescription on the plaintiffs' wrongful death action is reversed; and the case is remanded for further proceedings pending the decision of the medical review panel. See Taylor v. Giddens, 618 So.2d at 841. Costs are assessed one-half to the plaintiffs and one-half to LRMC.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
PARRO, J., concurs.
NOTES
[1] We note that the parties refer to the date of filing as December 22, 2003, and also as December 23, 2003. The record indicates both dates on various documents. The facsimile cover sheet indicates a date of December 22, 2003. However, the letter from the PCF acknowledging receipt of the fax filing confirms a filing date of December 23, 2003. We have used that date for purposes of this appeal.
[2] Mary Patrick Brewer is not a party to the appeal.