LURIA STUBBLEFIELD, CYNTHIA DARTEST, ARNETTE ROCHELLE, BILLY REAUX, MARLENE REAUX AND DARLENE COX, INDIVIDUALLY AND ON BEHALF OF EMMA SHAW, DECEASED,
v.
JERRY W. LINDIG, AS EXECUTOR OF THE SUCCESSION OF LAWRENCE LINDIG, INDIVIDUALLY AND D/B/A SCC OF HOUMA, LLC, BLAKE E. MCGEHEE, AS EXECUTOR OF THE SUCCESSION OF EDDIE MCGEHEE, INDIVIDUALLY AND D/B/A SCC OF HOUMA, LLC, CLARENCE G. BRODHEAD, INDIVIDUALLY AND D/B/A SCC OF HOUMA, LLC, SCC OF HOUMA, LLC, D/B/A SOUTHDOWN CARE CENTER AND DOES ONE THROUGH TWENTY, INCLUSIVE.
No. 2008 CA 2362.
Court of Appeals of Louisiana, First Circuit.
September 14, 2009.
Not Designated for Publication.
D. BRIANA RIVERA, JACK W. HARANG, Attorneys for Plaintiffs/Appellants Luria Stubblefield, Cynthia Dartest, Arnette Rochelle, Billy Reaux, Marlene Reaux and Darlene Cox, Individually and on behalf of Emma Shaw, Deceased.
J. ROSLYN LEMMON, Attorney for Defendants/Appellees Southdown Care Center, and Jerry W. Lindig, as Executor of the Succession of Lawrence Lindig.
JAMES D. "BUDDY" CALDWELL, Attorney General, J. ELLIOTT BAKER, Special Assistant Attorney General Attorneys for Intervenor/Appellee State of Louisiana.
Before: PARRO, KUHN, and McDONALD, JJ.
McDONALD, J.
On March 28, 2003, the plaintiffs, Luria Stubblefield, Cynthia Dartest, Arnette Rochelle, Billy Reaux, Marlene Reaux, and Darlene Cox, the children of Emma Shaw, filed suit individually and on behalf of their deceased mother, Emma Shaw, against the owners of Southdown Care Center, Jerry W. Lindig, as executor of the succession of Lawrence Lindig, individually and d/b/a SCC of Houma, LLC; Blake E. McGehee, as executor of the succession of Eddie McGehee, individually and d/b/a SCC of Houma, LLC; Clarence G. Brodhead, individually and d/b/a SCC of Houma, LLC; SCC of Houma, LLC, d/b/a Southdown Care Center; and Does One Through Twenty, Inclusive (the defendants) for damages for a survival action and a wrongful death action. The petition asserted that the true names and capacities of defendants named as Does One through Twenty, i.e., John Does, were unknown to plaintiffs; thus, plaintiffs sued these defendants by fictitious names.[1]
Emma Shaw was a resident of Southdown Care Center from April 17, 2001, until February 21, 2002. She died on April 30, 2002. The plaintiffs asserted that the defendants jointly shared in the operation and control of Southdown Care Center during Ms. Shaw's residency there. The plaintiffs asserted that the defendants failed to properly care for Ms. Shaw and that she was subjected to negligent and abusive treatment. The plaintiffs further alleged that as a result of negligence and abuse by employees and agents of Southdown Care Center, Ms. Shaw sustained multiple cumulative injuries which included pressure sores that ultimately led to amputation of both her legs, along with dehydration, renal failure, anemia, sepsis, severe muscle contractures, and death.
Thereafter, Southdown Care Center and Jerry Lindig, as executor of the succession of Lawrence Lindig, filed a dilatory exception raising the objection of prematurity, asserting that Southdown Care Center was a qualified health care prematurity, asserting that Southdown Care Center was a qualified health care provider pursuant to the Louisiana Medical Malpractice Act; thus, the claims must be submitted to a medical review panel for an expert opinion before the suit could be filed. The hearing on the dilatory exception raising the objection of prematurity was continued to an uncertain date, pending completion of the medical review panel proceeding.
Before the medical review panel opinion was complete, the plaintiffs filed an amended petition, in which all wrongful death claims were omitted.[2] Southdown Care Center and Jerry W. Lindig, as executor of the succession of Lawrence Lindig, then filed a peremptory exception raising the objection of prescription, asserting the claims for malpractice were not filed within one year of the discovery of the alleged malpractice and were prescribed. The memorandum in support of the exception asserted that the amended claim filed on January 11, 2006, withdrew all wrongful death claims, thus, the remaining claims were clearly prescribed and should be dismissed with prejudice.
After a hearing, the trial court sustained the peremptory exception raising the objection of prescription and dismissed the suit as to Southdown Care Center and Jerry W. Lindig, as executor of the succession of Lawrence Lindig.[3] The plaintiffs filed a motion for new trial, which was denied.[4]
The plaintiffs have appealed the judgment dismissing their lawsuit against Southdown Care Center and Jerry W. Lindig,[5] as executor of the succession of Lawrence Lindig, and the judgment denying the motion for new trial. The plaintiffs assert that the trial court erred in finding that the one-year prescriptive period of La. R.S. 9:5628 governs their survival claims.
Ordinarily, the exceptor bears the burden of proof at the trial of the peremptory exception. However, if prescription is evident on the face of the pleadings, the burden shifts to the plaintiff to show the action has not prescribed. If evidence is introduced at the hearing on the peremptory exception of prescription, the trial court's findings of fact are reviewed under the manifest error-clearly wrong standard of review. If the findings are reasonable in light of the record reviewed in its entirety, an appellate court may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Carter v. Haygood, XXXX-XXXX, pp. 8-9 (La. 1/19/05) 892 So.2d 1261, 1267.
Ms. Shaw became a resident of Southdown Care Center on April 17, 2001, was discharged on February 21, 2002, and died on April 30, 2002. According to the record, the plaintiffs filed a claim with the Louisiana Division of Administration on March 27, 2003, more than one year after the date Ms. Shaw was discharged from Southdown Care Center.
Louisiana Revised Statute 9:5628 provides:
A. No action for damages for injury or death against any physician, chiropractor, nurse, licensed midwife practitioner, dentist, psychologist, optometrist, hospital or nursing home duly licensed under the laws of this state, or community blood center or tissue bank as defined in R.S. 40:1299.41(A), whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect; however, even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect.
B. The provisions of this Section shall apply to all persons whether or not infirm or under disability of any kind and including minors and interdicts.
C. The provisions of this Section shall apply to all healthcare providers listed herein or defined in R.S. 40:1299.41 regardless of whether the healthcare provider avails itself of the protections and provisions of R.S. 40:1299.41 et seq., by fulfilling the requirements necessary to qualify as listed in R.S. 40:1299.42 and 1299.44.
The survival action comes into existence simultaneously with the existence of the tort and is transmitted to beneficiaries upon the victim's death; it permits recovery only for the damages suffered by the victim from the time of injury to the moment of death. The survival action, which is a derivative of the malpractice victim's action, is linked to the inception of the tortious act, omission, or neglect. The action is based upon the victim's right to recovery being transferred by operation of law to the beneficiary. Taylor v. Giddens, 618 So.2d 834, 840 (La. 1993). The death of the malpractice victim does not create a window which would allow survival action claimants to stack another prescription statute onto the periods set forth in La. R.S. 9:5628. Taylor v. Giddens, 618 So.2d at 840 n.9.
In the case of In Re Brewer, XXXX-XXXX (La. App. 1 Cir. 5/5/06), 934 So.2d 823, writ denied, XXXX-XXXX (La. 9/15/06), 936 So.2d 1278, Mr. Brewer was undergoing x-rays at the Lakeview Regional Medical Center (LRMC) on November 29, 2002, when he fell and was injured. Mr. Brewer's health declined and he died on December 30, 2002. On December 23, 2003, the plaintiffs (Mr. Brewer's widow and two daughters) filed a petition with the Louisiana Division of Administration to convene a medical review panel for the injuries sustained by Mr. Brewer. The LRMC filed a peremptory exception raising the objection of prescription, asserting that the malpractice claim was prescribed, because Mr. Brewer fell on November 29, 2002, and the plaintiffs' claim was filed more than one year after his fall. The district court sustained LRMC's exception, dismissing both the survival and wrongful death actions.
On appeal, this court affirmed the dismissal of the survival action and reversed the dismissal of the wrongful death action, noting that a survival action, which is derivative of the malpractice victim's action, is linked to the inception of the tortious act, omission, or neglect. The survival action is based on the victim's right to recovery being transferred by operation of law to the beneficiary. The action is dependent on the victim's having a viable malpractice action on the date of death. In Re Brewer, XXXX-XXXX at p. 5, 934 So.2d at 826-27.
In the present case, of the latest date for alleging a cause of action for malpractice against Southdown Care Center was February 21, 2002. Plaintiffs filed a claim with the Louisiana Division of Administration on March 27, 2003, more than one year after the date Ms. Shaw was discharged from Southdown Care Center. Further, plaintiffs have made no claim that they did not have knowledge of the malpractice as of the dates it occurred. Thus, we find the trial court was not clearly wrong or manifestly erroneous in finding that the survival action had prescribed.
For the foregoing reasons, the trial court judgment sustaining the peremptory exception raising the objection of prescription and dismissing the suit as to Southdown Care Center and Jerry W. Lindig, as executor of the succession of Lawrence Lindig, is affirmed. Costs are assessed against the plaintiffs.
AFFIRMED.
NOTES
[1] On March 27, 2003, plaintiffs also filed a claim with the Louisiana Division of Administration, asking for a medical review panel.
[2] According to the record, the wrongful death claim was dismissed because the plaintiffs were awarded damages for the wrongful death of Emma Shaw in a separate suit.
[3] The other defendants did not join in filing a peremptory exception raising the objection of prescription.
[4] In their motion for new trial, the plaintiffs first raised a challenge to the constitutionality of La. R.S. 9:5628 and La. C.C. art. 2315.1. Thereafter, the Attorney General for the State of Louisiana intervened in the suit. When the issue of constitutionality is first raised in a motion for new trial after a judgment adverse to the moving party, it is not timely raised and cannot be considered by the appellate court. Bergeron v. Blake Drilling and Workover Co., Inc., 599 So.2d 827, 848-49 (La. App. 1 Cir.), writs denied, 605 So.2d 1117 and 1119 (La. 1992). We note that none of the exceptions expressed in Summerell v. Phillips, 258 La. 587, 247 So.2d 542, 546 (1971), for raising a constitutional issue on appeal that has not been raised in the trial court are present in this case. See Bergeron, 599 So.2d at 849 n 8.
[5] An amended and supplemental judgment was signed on February 27, 2009.