McCLENDON, J.
| gPlaintiff appeals a trial court judgment dismissing her survival action on the basis of prescription. For the reasons that follow, we reverse the trial court’s judgment.
FACTS AND PROCEDURAL HISTORY
Bruce Gabriel was injured on August 10, 2009, when he was struck by a car being driven by defendant Dana Fontenot. Gabriel,' who died on November 21, 2009, never instituted any action arising from the August 10, 2009 accident.
On November 19, 2010, Gabriel’s mother and daughter, Auther Gabriel and Lakeita Jones, respectively, filed suit against Fon-tenot and Fontenot’s liability insurer, Safe-co Insurance Company, alleging that the August 10, 2009 accident contributed to Gabriel’s death.[1] In their petition, plaintiffs sought wrongful death and survival damages.
The defendants filed exceptions raising the objections of lack of procedural capacity and no right of action. After considering defendants’ exceptions, the trial court rendered judgment, decreeing that decedent’s daughter, Lakeita Jones, was the proper party to proceed against the defendants and dismissing Auther Gabriel’s claims with prejudice.
Thereafter, the defendants filed a peremptory exception raising the objection of prescription, asserting that plaintiffs suit was prescribed because it was filed more than a year after the accident at issue. Following a hearing and after taking the matter under advisement, the trial court subsequently rendered judgment on January 10, 2012, dismissing plaintiffs survival action on the basis of prescription, but maintaining plaintiffs wrongful death action.
Plaintiff has appealed the trial court’s judgment. On appeal, she asserts that the trial court erred in ruling that the survival action had prescribed when the action was filed within one year of the decedent’s death.[2]
1-DISCUSSION
Plaintiff notes that LSA-C.C. art. 2315.1 is the specific codal article governing prescription of a survival action. Civil Code article 2315.1 provides, in pertinent part:
A. If a person who has been injured by an offense or quasi offense dies, the right to recover all damages for injury *867 to that person, his property or otherwise, caused by the offense or quasi offense, shall survive for a period of one year from the death of the deceased in favor of:
(1) The surviving spouse and child or children of the deceased, or either the spouse or the child or children.
Plaintiff submits that the wording of the statute is clear and allows a beneficiary a period of one year from the death of the decedent to file a survival action. Accordingly, plaintiff concludes that the survival action was timely brought insofar as it was filed within a year of Mr. Gabriel’s death.
In support, plaintiff cites Domingue v. ABC Corp., 98-657 (La.App. 8 Cir. 10/28/98), 720 So.2d 806, writ denied, 98-2905 (La.1/15/99), 736 So.2d 210, wherein an oil field worker allegedly died as a result of a disease contracted in the oil field. Suit was filed by the oil field worker’s sons within one year from the date of death, but more than a year after diagnosis.[3] The plaintiffs asserted that LSA-C.C. art. 2315.1 provided for a year from the date of death for them to file the survival action. The Domingue court found the action timely, stating: “Because the [Plaintiffs] filed suit within one year of their father’s death, the Defendants’ exception of prescription should have been denied.” Domingue, 720 So.2d at 808.
In opposition, the defendants note that this court has previously addressed when the prescriptive period for a survival action in a malpractice case commences in In re: Brewer, 05-0666 (La.App. 1 Cir. 5/5/06), 934 So.2d 823, writ denied, 06-1290 (La.9/15/06), 936 So.2d 1278. Therein, the tortious conduct occurred on November 29, 2002, and the decedent died on December 30, 2002, without having instituted an action. Subsequently, survival and wrongful death actions were filed on December 23, 2003, greater than one year from the tor-tious conduct but less than one year from the date of death. This court held that the survival action was prescribed because it was filed more than one year after the tortious conduct that caused the decedent’s injury.[4] In so holding, this court reasoned:
The survival action, which is a derivative of the malpractice victim’s action, is linked to the inception of the tort[ious] act, omission or neglect. The action is based on the victim’s right to recovery being transferred by operation of law to the beneficiary. The action is dependent on the victim having a viable malpractice action on the date of death. Taylor v. Giddens, 618 So.2d 834, 840 (La.1993).
Brewer, 05-0666 at p. 5, 934 So.2d at 826-27.[5]
However, while In re: Brewer appears to broadly address the prescriptive period in all actions brought under LSA-C.C. art. 2315.1, we note that In re: Brewer, as well as Stubblefield, were medical malpractice actions arising under the Medical Malpractice Act, LSA-R.S. 40:1299.41.
In contrast, the survival action at issue in this case is not based on medical malpractice and is clearly governed by LSA-C.C. art. 2315.1, which provides that *868 the survival action shall survive for a period of one year from the death of the deceased. Thus, we find it unnecessary to address the holdings in In re: Brewer and Stubblefield.
In Barber v. Employers Ins. Co. of Wausau, 11-0357, p. 7 (La.App. 1 Cir. 6/28/12), 97 So.3d 454, this court, in a toxic materials exposure and work hazards case, addressed the delays for asserting a survival action under LSA-C.C. art. 2315.1:
Based on this Article, if a tort victim dies within one year of the offense that caused his injuries, but without having filed suit, his right to assert the underlying cause of action has not yet prescribed and still exists; it survives in favor of the designated beneficiaries, who have one year from his death to institute the action for his injuries. See Guidry v. Theriot, 377 So.2d 319, 324-25 (La.1979) [repudiated in part on other grounds by Louviere v. Shell Oil Co., 440 So.2d 93 (La.1983) ]. [Footnote omitted.]
In determining that the time delay in Article 2315.1 was a peremptive rather than a prescriptive period,[6] this court further noted:
In the Guidry case, the Louisiana Supreme Court examined the source provision of Article 2315, which was Article 2294 of the Civil Code of 1825, and observed that Article 2294 was amended by Act 223 of 1855 to provide that a tort victim’s action survived in favor of named beneficiaries “for the space of one year from death.” Guidry, 377 So.2d at 325. We note that additional amendments to the Article have been made since the Guidry decision, and the pertinent time-limit language remained the same. Article 2315.1 was added by 1986 La. Acts, No. 211, § 2, which separated the survival action and the wrongful death action from the general tort provisions of Article 2315. Through all the revisions, the statement that “the right to recover all damages for injury to that person ... shall survive for a period of one year from the death of the deceased” continued unchanged. (Emphasis added.) See LSA-C.C. art. 2315.1.... [T]he word “survive” means “to remain alive or in existence.” Webster’s Third New International Dictionary 2303 (1966). If the right specified in Article 2315.1 only survives for one year after the victim’s death, it goes out of existence after that time.... [Footnote omitted.]
[[Image here]]
Noting that the survival action gives the designated beneficiary a time bonus of more than one year in which to institute the victim’s action, the Gui-dry court stated, “We deem it reasonable that the legislature would be concerned about the interval during which a potential defendant might be vulnerable to a survival action and therefore foreclosed the issue by providing an express time limitation.” Id. at 326. [Emphasis added.]
Barber, 11-0357 at 8-9, 97 So.3d at 462-63.
[(/The specific language of LSA-C.C. art. 2315.1 clearly provides that a beneficiary may institute a survival action within one year of the decedent’s death provided that the decedent’s cause of action had not *869 prescribed at the time of his death. Mr. Gabriel’s cause of action existed at the time of his death and Ms. Jones instituted the survival action within a year of his death. Having concluded that In Re: Brewer and Stubblefield are inapplicable, we find that the survival action was timely asserted pursuant to LSA-C.C. art. 2315.1.
CONCLUSION
For the foregoing reasons, the judgment of the trial court is reversed. Costs of this appeal are assessed to defendants, Dana Fontenot and Safeco Insurance Company. This matter is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
KUHN, J., concurs and assigns reasons.
CARTER, C.J., concurs in the result only.
PETTIGREW, J., concurs with the results and assigns reasons.
GAIDRY, J., agrees on merits and concurs on designation of judgment as final.
GUIDRY, J., agrees on merits and concurs on designation of judgment as final.

. Defendants deny that Gabriel’s death was related to the August 10, 2009 accident.

. The original judgment was signed by the trial court on January 10, 2012. Because the judgment is a partial judgment, this court, on March 29, 2012, issued a show cause order regarding the finality of the judgment, instructed the parties to file briefs on the issue, and remanded the matter to the trial court to either advise this court that the judgment does not warrant a designation under LSA-C.C.P. art. 1915(B), or sign an amended judgment containing the designation and provide this court with a per curiam containing reasons why there is no just reason for delay based on the factors expressed in R.J. Massinger, Inc. v. Rosenblum, 04-1664, p. 14 (La.3/2/05), 894 So.2d 1113, 1122-23. In re-spouse, both parties submitted briefs to this court asserting that the judgment was appropriate for immediate appeal. The trial court also submitted a per curiam indicating that it intended to designate the judgment as final and providing explicit reasons for its designation of the judgment as final. Although a duty panel made a preliminary determination to maintain the appeal, the propriety of the trial court’s designation of finality was reserved to this panel in connection with our duty to review the merits of the appeal. Considering the criteria set forth by the Louisiana Supreme Court in R.J. Messinger, Inc., we have reviewed the propriety of the trial court's designation of finality and conclude that the trial court’s designation of its judgment as final was proper.

. We note that the oil field worker died within one year of the diagnosis.

. This court concluded that the action for wrongful death was instituted timely.

. See also Stubblefield v. Lindig, 08-2362, p. 4, 2009 WL 3011196 (La.App. 1 Cir. 9/14/09) (unpublished opinion), writ denied, 09-2273 (La.1/8/10), 24 So.3d 875, wherein this court concluded in a malpractice action that a survival action brought within a year of decedent’s death, but not within a year of the tortious conduct, had prescribed.

. Despite the language in Paragraph C of LSA-C.C. art. 2315.1 providing that the inheritance of the survival action neither interrupts nor prolongs the "prescriptive period defined in this Article[,]” this court has long considered the survival claim is subject to a one-year period of peremption, not prescription, and as such, cannot be interrupted. Jones v. Philco-Ford Corp., 452 So.2d 370, 372 (La.App. 1 Cir.), writs denied, 457 So.2d 1193, 1198 (La.1984).