STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2023 CA 0081

MARIA A. FINLEY AS EXECUTOR FOR THE ESTATE OF GARRETT
JOSEPH CLAYBOURN AND ON BEHALF OF THE ESTATE OF THE
DECEDENT GARRETT JOSEPH CLAYBOURN

VERSUS

FRANCIS ELIZABETH CLAYBOURN, RICHARD J. DODSON, KENNETH H.
HOOKS, III, AND DODSON & HOOKS, APLC, KIM L. BROOKS, AND THE
BROOKS AND BROOKS LAW FIRM

**Judgment Rendered: SEP 1 5 2023**

\* \* \* \* \* \*

On appeal from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Docket Number C716588

Honorable Donald R. Johnson, Judge Presiding

\* \* \* \* \* \*

| | |
|---|---|
| Maria A. Finley<br>Baton Rouge, LA | Counsel for Plaintiff/Appellant<br>Maria A. Finley |
| Kim L. Brooks<br>Baton Rouge, LA | Counsel for Defendant/Appellee<br>Kim L. Brooks |
| Lexi Trahan Holinga<br>Baton Rouge, LA<br><br>Trevor C. Mosby<br>New Orleans, LA | Counsel for Defendants/Appellees<br>Richard J. Dodson, Kenneth H.<br>Hooks, III, Dodson & Hooks, APLC |
| Joshua G. Keller<br>Robert E. Kerrigan, Jr.<br>New Orleans, LA | Counsel for Defendant/Appellee<br>Francis Elizabeth Claybourn |

\* \* \* \* \* \*

BEFORE: GUIDRY, C.J., CHUTZ, AND LANIER, JJ.

**GUIDRY, C.J.**

A plaintiff appeals a judgment of the trial court sustaining peremptory exceptions raising the objection of no right of action. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

On March 8, 2022, plaintiff Maria A. Finley, as the executor of the estate of Garrett Joseph Claybourn and on the behalf of the estate of Garrett Joseph Claybourn, filed this suit naming numerous defendants.[1] In her petition, Ms. Finley alleged that both the intentional and negligent acts of the defendants caused "emotional distress upon Mr. Claybourn" and contributed to his death. According to Ms. Finley, Mr. Claybourn suffered extensive damages as a result of the defendants' actions while he was alive and until his death.

In response to Ms. Finley's petition, multiple defendants in this matter (the "attorney defendants") filed, among other things, exceptions of no right of action.[2] In their exceptions, the attorney defendants contended that, under La. C.C. art. 2315.1, the survival action, a succession representative has no right to bring an action for personal injuries suffered by a deceased person when there exists a surviving spouse or child of the deceased.[3] The attorney defendants further argued that Ms. Finley is not the executor of Mr. Claybourn's estate or the succession representative.

---

[1] Named as defendants were Francis Elizabeth Claybourn (Mrs. Claybourn), Richard J. Dodson, Kenneth H. Hooks, III, Dodson & Hooks, APLC, Kim L. Brooks, and Brooks & Brooks Law Firm.

[2] The following defendants filed exceptions of no right of action: Richard Dodson, Kenneth Hooks, III, Dodson & Hooks, APLC, and Kim L. Brooks (collectively the "attorney defendants").

[3] The deceased, Mr. Claybourn, is survived by his spouse and son, Mrs. Claybourn and Brendan Claybourn, respectively.

The exceptions came before the trial court for a hearing on June 6, 2022, after which the trial court signed a judgment, on June 24, 2022, sustaining the attorney defendants' exceptions of no right of action. Ms. Finley now appeals.

## ASSIGNMENTS OF ERROR

1.Whether the trial court erred in granting the Defendants'/Appellee's [sic] Exception of No Right of Action finding that the Decedent's son, Brendan Claybourn, and Petitioner, Maria A. Finley did not have an agreement that Brendan Claybourn declined to bring this action and transferred his rights to bring this action to his father's/decedent's estate, for Ms. Finley to bring as the executor since the agreement was only verbal and not written.

2. Whether the trial court erred in granting Defendants'/Respondents' Exception of No Right of Action due to Decedent's son, Brendan Claybourn, not bringing suit in this matter because he was so intimidated by the wrongful and dangerous judicial proceedings (where Defendants were full participants) against his father that he was too frightened for himself to bring suit in a Louisiana Court in East Baton Rouge after seeing how his father/decedent, Garrett Joseph Claybourn was treated and that probably caused his early death. Since Brendan Claybourn was so intimidated by the very judicial system he would be requesting relief from, in the interests of justice, Defendants should not be allowed to not be held accountable for their actions and the next person who can bring the action should be able to. The only person left to bring the action is the succession representative who would be Maria A. Finley as the executor of the decedent's estate.

## DISCUSSION

Louisiana Civil Code article 2315.1 grants to designated beneficiaries a cause of action to recover the damages that a person suffered and would have been entitled to recover from a tortfeasor, if the person had lived. In re Brewer, 05-0666, p. 5 (La. App. 1st Cir. 5/5/06), 934 So. 2d 823, 826, writ denied, 06-1290 (La. 9/15/06), 936 So. 2d 1278. This cause of action survives the death of the injured party and passes to the beneficiaries as an inheritable property right. The survival action comes into existence simultaneously with the commission of the tort and is transmitted to the beneficiaries upon the victim's death. In re Brewer, 05-0666 at p. 5, 934 So. 2d at 826. Article 2315.1[4] provides in pertinent part:

---

[4] The version in effect at the time of the filing of the petition.

3

A. If a person who has been injured by an offense or quasi offense dies, the right to recover all damages for injury to that person, his property or otherwise, caused by the offense or quasi offense, shall survive for a period of one year from the death of the deceased in favor of:

(1) The surviving spouse and child or children of the deceased, or either the spouse or the child or children.

(2) The surviving father and mother of the deceased, or either of them if he left no spouse or child surviving.

(3) The surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving.

(4) The surviving grandfathers and grandmothers of the deceased, or any of them, if he left no spouse, child, parent, or sibling surviving.

B. In addition, the right to recover all damages for injury to the deceased, his property or otherwise, caused by the offense or quasi offense, may be urged by the deceased's succession representative in the absence of any class of beneficiary set out in Paragraph A.

The right of action created by the survival action may be extended only to the beneficiaries named in the article and the classes of beneficiaries must be strictly construed.[5] Trahan v. Leonard J. Chabert Medical Center, 19-0561, p. 5 (La. App. 1st Cir. 12/27/19), 292 So. 3d 919, 921, citing Roche v. Big Moose Oil Field Truck Service, 381 So. 2d 396, 399 (La. 1980).

Ms. Finley avers, in support of her position that she has a right to assert the survival action, that Mr. Claybourn's son, Brendan, declined to bring this action and/or transferred his right of action to the Claybourn estate, thereby allowing Ms. Finley to bring this action as executor and/or succession representative. However, after our review of the record, we find that Brendan's testimony is contrary to Ms. Finley's position.

At the hearing on the exceptions, Brendan explained that he appeared at the hearing for the purpose of transferring, or to "defer," his survival claim to the

---

[5] The standard of review of a ruling on an exception of no right of action, which presents a question of law, is de novo. LeCompte v. Continental Casualty Company, 16-1359, p. 5 (La. App. 1st Cir. 7/12/17), 224 So. 3d 1005, 1009, writ denied, 17-1525 (La. 12/15/17), 231 So. 3d 635. The function of an exception of no right of action is a determination of whether plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the petition. Badeaux v. Southwest Computer Bureau, Inc., 05-0612, p. 6 (La. 3/17/06), 929 So. 2d 1211, 1217.

estate of his father. Although Brendan admitted to telling Ms. Finley, at some point, that he wanted her to bring "it" as a part of his father's estate, Brendan never testified that he transferred or agreed to transfer his right to any claim, nor did he state that he decided against pursing a claim. According to Brendan, he wanted to "defer" the claim prior to the hearing, but was scared and afraid to do so. Brendan also stated: "I never said ... I did not want to file, I just put [it] in the back of my head." Brendan was unaware he had only one year to file suit in this action.[6]

We cannot say the record establishes, prior to the filing of this action, that Brendan transferred any portion of his survival claim to his father's estate. Consequently, Ms. Finley, as succession representative, had no right to assert the survival action, as a succession representative has that right only in the absence of a surviving spouse, child, parent, sibling, or grandparent of the deceased.[7] See La. C.C. art. 2315.1.

In the present matter, Brendan belongs to the more favored class of persons who may bring suit for a survival action, and therefore, had the right to assert this action.[8] See Guffey v. Lexington House, LLC, 18-1568, p. 16 (La. 5/8/19), 283 So. 3d 1001, 1011 (a succession representative did not have a right of action for survival damages or wrongful death under La. C.C. arts. 2315.1 or 2315.2 because members of a more favored class were still alive); see also Trahan, 19-0561 at p. 4, 292 So. 3d at 922 (finding that a brother as representative of his sister's estate was not entitled to recover damages for his sister's death where her mother, although in poor health, was still living). Accordingly, where Ms. Finley does not appear in

---

[6] Brendan noted that he never signed "any documents" with Ms. Finley and was not represented by Ms. Finley.

[7] We further note that Ms. Finley's own statements, noting that Mrs. Claybourn is the provisional succession representative and that after contested matters are resolved an "actual" succession representative will be appointed, call into question whether Ms. Finley has any right to assert a survival action on behalf of the Claybourn estate.

[8] Mrs. Claybourn, as a more favored class member, also had the right to assert a survival action against the attorney defendants herein. See La. C.C. art. 2315.1(A)(1).

5

this matter as a representative of Brendan, and has not filed this matter on his behalf, we find no error in the trial court's determination that she has no right of action. The assignments of error lack merit.

## CONCLUSION

For the above and foregoing reasons, the June 24, 2022 judgment of the trial court sustaining the defendants' exceptions of no right of action is affirmed. All costs of this appeal are assessed to the plaintiff/appellant, Maria A. Finley.

**AFFIRMED.**