ROXANA CARROLL AS SURVIVOR OF HER
DECEASED SPOUSE, RICHARD CARROLL

VERSUS

PROGRESSIVE SECUIRTY INSURANCE
COMPANY AND GERADO NAVARRO

NO. 23-CA-374

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 837-839, DIVISION "L"
HONORABLE DONALD A. ROWAN, JR., JUDGE PRESIDING


March 27, 2024


**MARC E. JOHNSON**
**JUDGE**


Panel composed of Judges Fredericka Homberg Wicker,
Jude G. Gravois, and Marc E. Johnson


**REVERSED; REMANDED**

**MEJ**
**FHW**
**JGG**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Morgan Naquin
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
ROXANA CARROLL AS SURVIVOR OF HER DECEASED SPOUSE,
RICHARD CARROLL
 J. Casey Cowley
 Brian V. Buchert

COUNSEL FOR DEFENDANT/APPELLEE,
PROGRESSIVE SECURITY INSURANCE COMPANY
 Kaitlin M. Pastorek

**JOHNSON, J.**

Appellant, Roxana Carroll, seeks review of the 24th Judicial District Court's April 26, 2023 judgment granting Defendant, Progressive Security Insurance Company's ("Progressive"), Peremptory Exception of Prescription. For the following reasons, we reverse the trial court's judgment and remand the matter for further proceedings.

### FACTS AND PROCEDURAL HISTORY

Mrs. Carroll's late husband, Richard Carroll, suffered damages as a result of an October 8, 2021 motor vehicle accident at an intersection in Jefferson Parish. The petition for damages alleges that a 2014 Nissan Rogue driven by Mr. Gerado Navarro hit Mr. Carroll's 2014 Hyundai Santa Fe because Mr. Navarro did not yield to oncoming traffic while attempting to make a left turn. Mr. Carroll died on February 21, 2022 of causes that Mrs. Carroll admits were unrelated to the 2021 accident.

On February 15, 2023, Mrs. Carroll filed a petition under La. C.C. art. 2315.1, the survival action statute, for damages Mr. Carroll sustained as a result of the 2021 accident. In response, Mr. Navarro's insurer at the time of the accident, Progressive, filed a Peremptory Exception of Prescription, alleging that Mrs. Carroll filed the instant suit more than one year after the date of the accident, and failed to comply with the requirements of La. C.C. art. 3492.

The district court heard the exception on April 17, 2023, granted judgment in favor of Progressive, dismissed Mrs. Carroll's claims with prejudice, and cast her with court costs. Mrs. Carroll timely appeals the district court's judgment.

### ASSIGNMENT OF ERROR

Mrs. Carroll argues that the district court committed error when it found that she could not bring a survival action pursuant to La. C.C. art. 2315.1 within

the year following her late husband's death because his cause of death was unrelated to the October 2021 motor vehicle accident at issue in the suit.

Progressive contends that the survival action and the wrongful death action provided for in La. C.C. art. 2315.2 "come from the same source" and the survival action only allows certain classes of persons to bring survival actions for the "recovery of damages *caused by the offense or quasi offense* on account of which the plaintiff died, and damages sought by survivors are for the recovery of damages the decedent sustained 'from the time of the injury until the moment of death.'" (Emphasis in original). Thus, Progressive argues Mrs. Carroll's suit has prescribed on its face as it was filed approximately sixteen months after the subject motor vehicle accident took place.

### *LAW AND DISCUSSION*

The function of the peremptory exception is to have the plaintiff's action declared legally nonexistent, or barred by the effect of law, and hence this exception tends to dismiss or defeat the action. *Ruffins v. HAZA Foods of Louisiana, LLC*, 21-619 (La. App. 5 Cir. 5/25/22), 341 So.3d 1259, 1262; La. C.C.P. arts. 927 and 923.

The standard of review of a trial court's ruling on a peremptory exception of prescription turns on whether evidence is introduced. *Wells Fargo Financial Louisiana, Inc. v. Galloway*, 17-413 (La. App. 4 Cir. 11/15/17), 231 So.3d 793, 800. Here, the parties did not introduce any evidence at the trial on the exception. When no evidence is introduced, appellate courts review judgments sustaining an exception of prescription *de novo*, accepting the facts alleged in the petition as true. *DeFelice v. Federated Nat'l Ins. Co.*, 18-374 (La. App. 5 Cir. 7/9/19), 279 So.3d 422, 426.

Delictual actions are subject to a liberative prescriptive period of one year, which commences to run from the date the injury is sustained. La. C.C. art. 3492; *Ruffins*, *supra*.

La. C.C. art. 2315.1 provides, in pertinent part:

> A. If a person who has been injured by an offense or quasi offense dies, the right to recover all damages for injury to that person, his property or otherwise, caused by the offense or quasi offense, shall survive for a period of one year from the death of the deceased in favor of:
> (1) The surviving spouse and child or children of the deceased, or either the spouse or the child or children.

Upon *de novo* review, we find that the plain language of La. C.C. art. 2315.1 does not impose the requirement that Progressive is asking us to read into the statute – the injury to the deceased person from the "offense or quasi offense" referred to in the article does not have to be, or be related to, the cause of death.

> Turning to general rules of statutory construction, courts should remember the following axioms. Legislation is the solemn expression of the legislative will; thus, the interpretation of legislation is primarily the search for the legislative intent. When a law is clear and unambiguous, and its application does not lead to absurd consequences, it shall be applied as written, with no further interpretation made in search of the legislative intent. [La. C.C. art. 9.]. The starting point for interpretation of any statute is the language of the statute itself. *Id.*

*Cat's Meow, Inc. v. City of New Orleans Through Dep't of Fin.*, 98-601 (La. 10/20/98), 720 So.2d 1186, 1198.

> [A]lthough both actions arise from a **common tort**, survival and wrongful death actions are separate and distinct. The survival action comes into existence simultaneously with the existence of the tort and is transmitted to beneficiaries upon the victim's death. The survival action permits recovery only for the damages suffered by the victim from the time of injury to the moment of death.

*McGee v. A C And S, Inc.*, 05-36 (La. 7/10/06), 933 So.2d 770, 779–80, c*iting* *Taylor*, *supra*. (Emphasis added).

We disagree with Progressive's assertion that a "common tort", used as highlighted above, must always mean a "*common, precipitating accident*" in the

context of survival and wrongful death actions, as argued in its brief. (Emphasis in original). The italicized language in the block quote above was first used in *Guidry v. Theriot*, 377 So.2d 319, 326 (La. 1979). In *Guidry*, the Louisiana Supreme Court observed that although the heirs' survival and wrongful death actions both arose from a common tort *in that case*, the actions were "nevertheless, separate and distinct". *Id.* at 323.[1] The survival action comes into existence simultaneously with the commission of any tort and, if viable upon the victim's death, may be transmitted to the beneficiaries, but the wrongful death action does not arise until the victim dies as a result of injuries caused by a particular tort. *See Id.* Each right addresses itself to the recovery of damages for totally different injuries and losses. *Id.*

In 1855, our legislature enacted the first in series of amendments to the 1825 Civil Code article 2294, article 2315's predecessor, in response to state courts finding no authority for the survival of an action for personal injuries in favor of the recipients now designated in article 2315.1 (1) and (2). *Levy v. State Through Charity Hosp. of Louisiana at New Orleans Bd. of Adm'rs*, 253 La. 73; 216 So.2d 818, 819 (1968). Former Article 2315 was amended in 1884 to include the wrongful death action, which allows an award for "damages suffered by a survivor in his own right because of the wrongful death of another." *Id.*

In fact, the Louisiana Supreme Court "has consistently held that the survivors mentioned in Article 2315 succeed, in case of death, to the right of action of the injured person to recover the damages he sustained as a consequence of a wrongful act, irrespective of whether his death had any relation to the injury or not, or whether suit had been filed prior to death." *Dumas v. U. S. Fid. & Guar. Co.*, 241 La. 1096, 1106; 134 So.2d 45 (1961). "Although it does not derive from

---

[1] Although the *Guidry* decision was repudiated on other grounds by *Louviere v. Shell Oil Co.*, 440 So.2d 93 (La. 1983), the provision indicating that survival and wrongful death actions are separate and distinct has consistently remained the law since that time.

succession law, the survival action 'is in the nature of a succession right.'" *Joseph v. Huntington Ingalls Inc.*, 18-2061 (La. 1/29/20), 347 So.3d 579, 589, n.1, *citing Taylor v. Giddens,* 618 So.2d 834, 840 (La. 1993).

> Under Louisiana law, personal injury actions are heritable, and not strictly personal. *In re Pembo*, 32 F.3d 566 (5th Cir. 1994); *Guidry*[, *supra*](victim's action for recovery of tortious damages is not strictly personal because it is a right to recover money damages that result in a benefit for the victim's heirs); *see also* La Civ. Code Arts. 2315.1 and 2315.2. Furthermore, "a tortfeasor's obligation to pay money to repair the damage he caused is not strictly personal as to the obligee-victim ... and is no more exclusively for the personal gratification of the victim than any other money obligation." *J. Wilton Jones Co. v. Liberty Mut. Ins. Co.*, 248 So.2d 878, 890 (La. App. 4th Cir. 1970).

*Greene v. Demoss*, 3:20-CV-00578, 2021 WL 11085597, at *2 (W.D. La. Feb. 4, 2021). The survival action, which is a *derivative* of the primary tort victim's action, is linked to the inception of the tortious act, omission or neglect. *Lennie v. Exxon Mobil Corp.*, 17-204 (La. App. 5 Cir. 6/27/18), 251 So.3d 637, 649, *writ denied,* 18-1435 (La. 11/20/18), 256 So.3d 994. The fact that Mr. Carroll died from injuries unrelated to the subject automobile accident did not extinguish Mr. Navarro's obligation to pay money to repair the damages his actions allegedly caused Mr. Carroll to suffer, in the event such obligation can be proven at trial. Further, Mr. Navarro's obligation to provide compensation for damages sustained from the October 2021 accident cannot be extinguished by subsequent injury to, or the death of, Mr. Carroll resulting from a cause unrelated to the subject accident, according to our current law and jurisprudence.

Where the person who has been injured dies, the right to recover damages for the injury suffered by the deceased survives for one year from his death. *Richardson v. Avondale Shipyards, Inc.*, 600 So.2d 801, 803 (La. App. 5th Cir. 1992). Consequently, if the cause of action of the primary tort victim has prescribed prior to his date of death, then there is no viable action to transfer to his statutorily-designated beneficiaries. *Lennie*, *supra*, *citing Richardson*, *supra*.

23-CA-374                                    5

> We interpret Article 2315 to mean that if the victim dies within a year of injury and has not instituted claim, the beneficiary may institute the action within one year of the death.... We hold, therefore, that the action [. . .] must be instituted within one year of the victim's death when no action was instituted by the victim.

*Domingue v. ABC Corp.*, 98-657 (La. App. 3 Cir. 10/28/98), 720 So.2d 806, 808, *writ denied,* 98-2905 (La. 1/15/99), 736 So.2d 210, citing *Guidry v. Theriot*, *repudiated on other grounds by Louviere v. Shell Oil Co.*, 440 So.2d 93 (La. 1983).

At the time of his death in February of 2022, Mr. Carroll's right to bring suit against Mr. Navarro for damages he suffered as a result of the October 2021 accident had not prescribed. Thus, the survival action is based upon the primary tort victim, Mr. Carroll's, right to recovery being transferred by operation of law to his widow, Mrs. Carroll, the statutorily designated beneficiary, at the time of his death. *See Lennie*, *supra*. Pursuant to La. C.C. art. 2315.1, Mrs. Carroll timely filed her survival action five days prior to the first anniversary of her husband's death.

Last, we do not agree with the Appellee's assertion that extending the time close relatives are allowed to bring survival actions based on claims that have not prescribed, at the time of their loved one's passing "leads to absurd consequences". Families experience a myriad of emotions and consequences, financial and otherwise, in the wake of a member's death. It is not unreasonable to allow would-be litigants up to one year after a family member's death to address the logistics of settling the decedent's and the surviving family's affairs under those circumstances. Indeed, the legislature has specifically provided such a time period for designated survivors to file a survival action under La. C.C. art. 2315.1.

To conclude, the survival action does not mandate that the offense or quasi offense that caused the injury, from which the (deceased) person's right to recover damages is derived, must have also caused the injured person's death. Therefore, we find that, because Mrs. Carroll brought her survival action within a year of her late husband's death, the action has not prescribed.

*DECREE*

Considering the foregoing, the judgment of the district court sustaining Progressive's Peremptory Exception of Prescription is reversed, and the matter is remanded for further proceedings.  Progressive is assessed the costs of this appeal.

**REVERSED; REMANDED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**MARCH 27, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 23-CA-374

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE DONALD A. ROWAN, JR. (DISTRICT JUDGE)
BRIAN V. BUCHERT (APPELLANT)          KAITLIN M. PASTOREK (APPELLEE)

**MAILED**
J. CASEY COWLEY (APPELLANT)
RYAN P. EARLY (APPELLANT)
ATTORNEYS AT LAW
620 NORTH CARROLLTON AVENUE
NEW ORLEANS, LA 70119