COLE, Judge.
Plaintiff-appellee moves to dismiss this appeal on the ground that defendant-appellant confessed judgment. La.Code Civ.P. art. 2085.
On December 16, 1981, plaintiff sued defendant to obtain a partition by licitation of *561 certain property (mainly an office building and lot) which they hold in common. Personal service was made on defendant on December 29, 1981. On January 18, 1982, defendant caused to be filed a motion for an extension of time in which to plead.[1] On that same day, a preliminary default was entered against defendant and plaintiff wrote a letter to the trial judge objecting to any extension of time for pleading. The trial court, by order dated January 20,1982, granted defendant until February 4, 1982, to file responsive pleadings. Defendant’s answer was filed February 3, 1982. In the meantime, on January 22, 1982, plaintiff sought and obtained a final judgment against defendant, by default, decreeing that the subject property be partitioned by licitation. The record on appeal contains nothing affecting the status of this default judgment.[2]
On February 11, 1982, a pre-trial conference was held by the trial judge pursuant to a request by plaintiff dated February 3, 1982. A formal pre-trial order was filed in the record and the case was set for trial on March 25, 1982. In defendant’s portion of the pre-trial order, he alleges plaintiff bought an interest in the property from defendant’s former spouse who had no right to sell it since the community had not been partitioned. Defendant asserted the purported sale was null and void in that his former spouse could not legally convey her undivided interest in the property, absent a legal partition of the community assets. Defendant further claimed his former spouse was an indispensible party to the proceedings and should be joined as a party defendant.
At the end of defendant’s pre-trial statement is a handwritten note (presumably that of the trial judge) which, though somewhat illegible, apparently states: “Mrs. Cleo Pelleteri will be made a party herein. After joinder of Mrs. Pelleteri a joint statement of fact as to indivisibility in kind will be submitted by the parties.” There is no such joint statement in the record.[3]
On February 22, Mrs. Pelleteri intervened stating she sold her interest in the property to plaintiff. On February 25, the trial judge signed a judgment prepared by plaintiff which ordered a partition of the property by licitation. The judgment states it is based upon pleadings, stipulations, and admissions. Defendant then moved for a new trial, claiming that plaintiff had misled the court as to alleged stipulations. The motion for new trial was denied on March 4, and on March 17 defendant’s motion for a suspen-sive appeal was granted. The appeal bond was filed timely as of March 31.
Written reasons by the trial judge for the judgment of February 25th state defendant agreed to a consent judgment provided Mrs. Pelleteri was made a party defendant.
The only reference of record to any kind of agreement is the handwritten note at the end of defendant’s pre-trial statement. It says only that, if Mrs. Pelleteri is joined, the parties will execute a joint stipulation of fact as to the insusceptibility of the property to division in kind. Such a stipulation was unnecessary because defendant admitted the fact in his answer. This admission of fact does not remove all issues. Defendant also claims the sale of Mrs. Pel-leteri’s interest is void. Thus, a legal issue is presented.
The fact that the trial court believes the judgment appealed was a consent judgment does not relieve plaintiff of his burden of proof. See, Succession of Marcel, 387 So.2d 1363 (La.App. 1st Cir. 1980). Therein, this court set forth quite succinctly the ap *562 plicable jurisprudential and statutory guidelines on consent judgments. We view the instant case less clearly subject to dismissal than was Marcel. See also, State, Dept. of Transp., Etc. v. K. G. Farms, 402 So.2d 304 (La.App. 1st Cir. 1981).
Appeals are favored in law and the forfeiture of a party’s right to an appeal through acquiescence should be decreed only when the party’s intention to acquiesce and to abandon his right of appeal is clearly demonstrated. Acquiescence in a judgment is never presumed. The party alleging consent or acquiescence must establish by direct or circumstantial evidence that the party now appealing intended to consent or acquiesce. Marcel, supra. However, in this instance, the contrary is apparent. At all times, defendant has contended a partition should not be effected because of what he perceives to be a title defect. Regardless of any possible merit to the contention, this position evidences a clear intent not to acquiesce in the judgment.
Mover has failed to prove the judgment appealed from was a consent judgment. The motion to dismiss is, therefore, denied.
We now feel compelled to note the viability of the default judgment of January 22, 1982. That judgment has not been appealed and its validity is not reviewable under the instant appeal. It does, of course, create substantive and procedural problems and constitutes an irregularity which must be corrected. La.Code Civ.P. art. 2132. Jurisdiction on that issue lies at the district court level. La.Code Civ.P. arts. 2006, 2088(4). Action by this court on the judgment appealed would be a vain and useless thing in light of the existence of the default judgment. We therefore stay all further proceedings in the instant appeal until such time as the parties, by appropriate action at the district court level, have placed it in a posture which would allow some meaningful action by this court.
All costs relative to the motion to dismiss are assessed against appellee.
MOTION DENIED. APPEAL STAYED.

. The trial court proceedings reflect this motion was mailed by counsel for defendant to the Clerk of Court on January 15, 1982, with copy of the transmittal letter going to plaintiff.

. Under the rules of the Nineteenth Judicial District Court, uncontested matters such as preliminary defaults and the confirmation thereof are handled by the “Duty Judge” who, in this instance, was not the judge of the trial division in which the case was docketed and who granted the motion for an extension of time within which to plead and otherwise acted in the matter. See, West’s Louisiana Rules of Court, 1982, p. 449, et seq.

. Defendant’s answer admits the property is insusceptible of division in kind.