PETTIGREW, J.
|2The instant case was previously before this court on appeal. See Cordon v. Parish Glass of St. Tammany, Inc., 2014-0475 (La.App. 1 Cir. 12/23/14), 168 So.3d 633 (“Cordon I”). In fact, the merits of the case have already been tried, and the judgment rendered at the conclusion of the trial was reviewed by this court in Cordon I. The matter was remanded to the Office of Workers’ Compensation (“OWC”) when this court found that the employer and its *110 insurer were Hable for certain medical benefits that the OWC had failed to take into account when it - calculated its judgment against the claimant. Because this court lacked the documentation necessary to ascertain this figure, a remand was necessary. The judgment before us on appeal now is the April 27, 2015 judgment rendered by the OWC pursuant to this court’s remand order.' For the reasons that follow, we grant the motion to dismiss filed by defendants and dismiss the appeal.
FACTS AND PROCEDURAL HISTORY
Claimant, Carlos Cordon, was at a warehouse loading mirrors onto a truck owned by his employer, Parish Glass of St. Tammany, Inc. (“Parish Glass”), when the mirrors on the truck collapsed and fell on him. Cordon’s injuries included a broken leg (requiring multiple surgeries), lacerations to his right arm (resulting in permanent scarring), and an aggravation of a preexisting neck injury. A drug screen taken immediately following the accident revealed prescription drugs and marijuana in Cordon’s bloodstream.
The key issue at trial was whether Cordon was intoxicated at the time of the accident. After hearing the evidence, the OWC determined that Cordon was intoxicated at the time of the accident and that his intoxication was a factor in the accident. The OWC further found that Cordon failed to rebut the presumption of intoxication. Therefore,. -the OWC found that Cordon had forfeited his rights to all workers’ compensation indemnity benefits and medical benefits. The OWC’s December 3, 2013 judgment ordered Cordon to pay LUBA Casualty Insurance Company (“LUBA”) restitution of $140,491.71 for indemnity benefits and $145,536.99 for medical payments, and additionally ordered Cordon to pay attorney fees in the amount of $10,000.00.
| .¡Cordon appealed. On review, this court found no manifest error in the OWC’s determination that Cordon was intoxicated at.the time of the accident and therefore found no error in the determination that Cordon had forfeited his rights to all workers’ compensation indemnity and medical benefits pursuant to La. R.S. 23:1081(l)(b). However, this court found that pursuant to La. R.S. 23:1081(13), Parish Glass was responsible for the reasonable emergency medical care provided to Cordon until his condition stabilized.[1] Therefore, this court vacated 'the portion of the OWC’s judgment that ordered Cordon to pay $145,536.99 in restitution for the medical benefits he received and remanded the matter “for the OWC to determine the amount of medical benefits to be refunded after deducting the amount of medical benefits paid for reasonable emergency medical care.” See Cordon I, 2014-0475 at 9,168 So.3d at 640.
Following this court’s decision, Cordon filed an untimely writ with the Louisiana Supreme Court, which was not considered. Cordon v. Parish Glass of St. Tammany, *111 Inc., 2015-0167 (La.4/17/2015), 168 So.3d 390. As there was no request for rehearing filed by Cordon, this court’s decision in Cordon I became a final, definitive judgment on January 22, 2015. See La.Code Civ. P. art. 2166(A).
Shortly thereafter, in anticipation of the trial on the remanded issue that was scheduled to take place on April 27, 2015, Cordon, Parish Glass, and LUBA entered into a stipulation agreeing that the cost to provide Cordon with reasonable emergency medical care was $43,742.91. The stipulation provided, in part, as follows:
LUBA paid $43,742.91 for' medical services to Carlos Cordon on'and immediately after June 12, 2008, and that this amount includes the reasonable medical emergency services required until Mr. Cordon’s condition was stabilized, and also includes the complete cost of Mr. Cordon’s htreatment at the St. Tammany Parish HospitaL from June 12, 2008 through June 17,2008.
[[Image here]]
The parties stipulate that the amount of $43,742.91 represents the amount of medical benefits paid by LUBA for reasonable emergency medical care for CORDON.
. At the trial on the remanded issue, the parties’ counsel waived their appearances. The parties’ stipulation was entered into evidence, and the OWC rendered judgment as follows:
Prior to the date of trial on the Remanded issue set for 4/27/2015, the attorneys for the parties submitted a Stipulation, with attachments, that states that the amount of $43,742.91 was spent by LUBA for the reasonable emergency medical care of claimant after the accident in dispute.
That Stipulation was admitted into evidence at the trial date on 4-27-2015.
Considering that stipulation and the orders of the First "Circuit Court of Appeals;
IT IS ORDERED THAT: '
1. Due to claimant’s intoxication.at the time of the accident, claimant has forfeited all rights to reasonable medical care and expenses EXCEPT ¡the amount of $43,742.91, which is stipulated to be the amount paid for reasonable emergency medical care due to the accident; and
2. Due to said forfeiture of medical benefits except for reasonable emergency medical care,- claimant CARLOS [CORDON] is to reimburse LUBA $101,794.08, which is the total medical expenses of $145,536.99 less the $43,742.91 emergency care. A copy of said stipulation by the attorneys with their. attachments is attached to this judgment.
The OWC signed this judgment on April 27, 2015. The judgment was entitled, “FINAL JUDGMENT after REMAND from 1st CCA.”
Cordon subsequently filed a timely notice of a request for an.appeal from the April 27, 2015 judgment. The defendants objected to the appeal by filing an opposition with the OWC, contending that Cordon could not take the appeal because he had confessed to the judgment by. agreeing to the stipulation. The OWC ordered a show cause hearing, on the issue, and, after hearing arguments, granted Cordon an appeal and ^further ordered, “1st Circuit Court of Appeal will determine its appropriate review.” This ruling was reduced to writing on June 3, 2015.[2]
*112 On July 17, 2015, Parish Glass and LUBA filed an “Objection to Notice of Appeal and Motion to Dismiss Appeal” with this court, arguing once again that because Cordon confessed to the April 27, 2015 judgment by stipulating to the value of emergency medical services that had been rendered to him, he could not appeal the judgment. They cited La.Code Civ. P. art.2085 as support for this position. As evidence that Cordon acquiesced in the OWC’s April 27, 2015 judgment, Parish Glass and LUBA noted that the parties waived their appearance at the trial and that the OWC based its judgment on the stipulation, even attaching a copy of the stipulation to the April 27, 2015 judgment Therefore, they contend, Cordon lacks a right to appeal this judgment.
DISCUSSION
On appeal, Cordon does not assign any errors for our review, nor does he make any arguments concerning the April 27, 2015 judgment of the OWC. Rather, Cordon makes the following statement:
The goal of the appellant herein is to take this matter up to the Louisiana Supreme Court for their review and consideration. In order to do so the record at the Appellate Court record must be completed [sic]. This is the purpose of this appeal. The appellant is not asking this Court to reconsider any of its prior decision although the appellant does respectfully disagree with this Court’s pri- or decisions regarding this matter.
We note that the appellate record currently before us includes the entire appellate record from Cordon I, plus one additional volume that encompasses the record of the OWC that was developed after the prior appeal was lodged.
Article 2085 provides, in pertinent part, “[a]n appeal cannot be taken by a party who confessed judgment in the proceedings in the trial court or who voluntarily and unconditionally acquiesced in a judgment rendered against him.” Parties are bound by their stipulations regarding factual matters. Cotton v. Gaylord Container, 96-1958, p. 12 (La.App. 1 Cir. 3/27/97), 691 So.2d 760, 768, writ denied, 97-0800 (La.4/8/97), 693 So.2d 147. A stipulation has the effect of a judicial admission or confession, which binds all parties and the court when it is not in derogation of law. Crawford v. Blue Cross Blue Shield of Louisiana, 99-2503, p. 7 (La.App. 1 Cir. 11/3/00), 770 So.2d 507, 512, writ denied, 2000-3267 (La.2/16/01), 786 So.2d 98.
A judicial confession is an express acknowledgement of an adverse fact made by a party in a judicial proceeding and constitutes full proof against the party who made it. La. Civ.Code art. 1853; Tucker v. St. Tammany Parish School Bd., 2003-2401, p. 4 (La.9/17/04), 888 So.2d 235, 237. The effect of a judicial admission is to waive evidence as to the subject matter of the admission. See Gorham v. Gorham, 2009-1118, p. 6 (La.App. 1 Cir. 12/23/09), 31 So.3d 421, 425, writ denied, 2010-0164 (La.4/5/10), 31 So.3d 363. Declarations made by a party’s attorney have the same effect as one made by the party himself. La. Civ.Code art. 1853, comment (b); C.T. Traina, Inc. v. Sunshine Plaza, Inc., 2003-1003, p. 5 (La.12/3/03), 861 So.2d 156, 159.
Appeals are favored in law. The forfeiture of a party’s right to an appeal through acquiescence should be decreed only when the party’s intention to acquiesce and to abandon his right of appeal *113 is clearly demonstrated. Acquiescence in a judgment is never presumed. The party alleging consent or acquiescence must establish by direct or circumstantial evidence that the party now appealing intended to consent or acquiesce. Ryland v. Cummings, 415 So.2d 560, 562 (La.App. 1 Cir.1982). A stipulated judgment may be ap-pealable if a party’s consent is vitiated. Pittman v. Pittman, 2001-2528, pp. 3-4 (La.App. 1 Cir. 12/20/02), 836 So.2d 369, 372, writ denied, 2003-1365 (La.9/19/03), 853 So.2d 642.
As previously discussed, this matter was remanded to the OWC solely for a determination of the amount of medical benefits paid by the workers’ compensation insurer for Cordon’s emergency medical care. The determination that Cordon was intoxicated at the time of the accident and had forfeited his rights to all benefits except those paid for his reasonable emergency medical care was decided in the earlier appeal, which became a final and definitive judgment on January 22, 2015. See Cordon I.
|7Not only did Cordon, through his counsel of record, stipulate that LUBA spent $43,742.91 on his emergency medical care, but Cordon makes no allegations in this appeal that he disagrees with the stipulation or that his consent was vitiated. He clearly acquiesced in the OWC’s April 27, 2015 judgment by entering the stipulation. Thus, the April 27, 2015 judgment was not appealable.
DECREE
For the above and foregoing reasons, we grant the motion to dismiss the appeal filed by Parish Glass and LUBA. Accordingly, the appeal filed by claimant, Carlos Cordon, is dismissed. All costs associated with this appeal are assessed against Carlos Cordon. MOTION TO DISMISS GRANTED; APPEAL DISMISSED.

. Louisiana Revised Statutes 23:1081 provides, in pertinent part, as follows:
(1) No compensation shall be allowed for an injury caused:
[[Image here]]
(b) by the injured employee’s intoxication at the time of the injury....
[[Image here]]
(13) In the event a health care provider delivers emergency care to an injured worker later presumed or found to be intoxicated under this Section, the employer shall be responsible for the reasonable medical care provided the worker until such time as he is stabilized and ready for discharge from the acute care facility, at which time the employer’s responsibility shall end for medical and compensation benefits.

. Interestingly, that same day, a "Notice of Signing of Interlocutory Judgment” was mailed to counsel for all parties referring to the April 27, 2015 judgment of the OWC as an *112 interlocutory judgment. There is no reference in this notice concerning the June 3, 2015 order by the OWC granting Cordon an appeal of the April 27, 2015 judgment.