NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2024 CA 0062

LOUISIANA HEALTH SERVICE & INDEMNITY COMPANY

VERSUS

STATE OF LOUISIANA, THE STATE OF LOUISIANA THROUGH THE DEPARTMENT OF INSURANCE, AND JAMES J. DONELON IN HIS CAPACITY AS COMMISSIONER OF THE LOUISIANA DEPARTMENT OF INSURANCE

Judgment Rendered: **SEP 0 4 2024**

\* \* \* \* \*

On Appeal from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
No. C-710,187, Sec. 21

The Honorable Ronald R. Johnson, Judge Presiding

\* \* \* \* \*

| | |
|---|---|
| Richard A. Sherburne<br>Jessica W. Chapman<br>Douglas M. Chapoton<br>Erica S. Aguillard<br>Baton Rouge, Louisiana | Attorneys for Plaintiff/Appellant<br>Louisiana Heath Service & Indemnity<br>Company d/b/a Blue Cross and Blue<br>Shield of Louisiana |
| Sonceree Smith Clark<br>Baton Rouge, Louisiana | Attorney for Defendant/Appellee<br>The State of Louisiana through the<br>Department of Insurance, and<br>Timothy Temple in his capacity as the<br>Commissioner of the Louisiana<br>Department of Insurance |

\* \* \* \* \*

**BEFORE: WELCH, WOLFE, AND STROMBERG, JJ.**

**STROMBERG, J.**

In this proceeding for judicial review of an administrative adjudication proceeding, the plaintiff, Louisiana Health Service & Indemnity Company, d/b/a Blue Cross and Blue Shield of Louisiana (Blue Cross), appeals a judgment of the district court that denied Blue Cross' petition for judicial review and affirmed the decision of the Division of Administrative Law (DAL), which affirmed the Louisiana Department of Insurance (LDI) directive dated October 5, 2020. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

Blue Cross averred that the LDI issued an unlawful administrative directive[1] concerning the rights of a "covered person" on October 5, 2020. The directive stated, in pertinent part:

> On July 29, 2019 [Blue Cross] received the members['] [first] level appeal and [Blue Cross] requested a patient authorization form signed. [Blue Cross] received the signed patient authorization form on 9/5/2019. This authorization form included both first level and second level appeals. The [first] level appeal was denied on 9/27/2019 and a letter was sent to the patient and [the] provider. [Blue Cross] received the [second] level appeal request, in writing, on 11/19/2019. The provider did an action request on [Blue Cross'] website on 1/14/2020, [Blue Cross] responded that [it] would not move forward with the appeal until a written authorization form was received from the member. On 2/5/2020[,] the provider sent another action request stating that the requested [form] was sent in the 7/29/2019 appeal[.] [Blue Cross] responded and stated [it] would review. [On] 2/19/2020, 2/26/2020[,] and 3/26/2020[,] [the] provider sent action requests to [Blue Cross] and [the] appeal was still being reviewed on all dates. [The] 5/13/2020 action request made by [the] provider ... [was] now pending. [On] 6/11/2020[,] another action request by [the] provider [was made.] [Blue Cross] then denied [it], stating that there was no authorization on file from the patient. [The provider] verified with [Blue Cross] that [it] had the authorization that was mailed in by the patient. The provider then faxed the authorization to [Blue Cross] on 7/29/2020, 8/24/2020[,] and 8/31/2020 due to [Blue Cross] stating [that it did not] have the authorization form when the [provider] inquired about the appeal. On 9/1/2020[,] [Blue Cross] issued a denial due to [the] [un]timely filing of the request for the external review.

---

[1] We note that although the LDI argues that the October 5, 2020 letter was miscategorized as a directive by Blue Cross, this is not an issue assigned as error on appeal and therefore we pretermit discussion of this matter.

2

In review, the claimant satisfied the external review requirements set forth in La[.] R.S. 22[:]2432-2436, and in doing so, [was] eligible for an external review.

Blue Cross contended that the directive was an attempt by the LDI to re-write law under which a "covered person" or an "authorized representative" can seek an independent review by an independent review organization of an "adverse determination or final adverse determination" by a health insurer pursuant to the Health Insurance Issuer External Review Act, La. R.S. 22:2431-2445. Blue Cross maintained that the LDI's administrative actions conflated "covered person" with "provider" and effectively and unlawfully changed the law.

Blue Cross subsequently sought a judgment staying the October 5, 2020 LDI directive; declaring the October 5, 2020 LDI directive invalid, unlawful, and unconstitutional and therefore void and unenforceable; and for all general and equitable relief due under Louisiana law. On June 30, 2021, the DAL issued its decision and order upholding the LDI's directive. On July 30, 2021, Blue Cross filed a Petition for Judicial Review in the Nineteenth Judicial District Court to seek review of the DAL's decision. In its petition, Blue Cross requested that the district court immediately stay the efficacy and enforcement of the LDI directive dated October 5, 2020, and declare the directive as invalid, unlawful, and unconstitutional and therefore void and unenforceable. Blue Cross further requested that the district court reverse the June 30, 2021 DAL directive and order upholding the October 5, 2020 LDI directive. In response, the LDI submitted the entire record from the DAL, which included the parties' stipulation of facts filed on June 1, 2021. The stipulation of facts stated the following:

1. Following the submission of a request for authorization for a specific medical procedure by the [p]rovider of the [c]overed [p]erson on June 10, 2019, [Blue Cross] denied the claim finding that the medical service sought was not medically necessary.

3

2. On July 29, 2019, the [m]edical [p]rovider initiated a first level appeal, seeking appeal of the June 10, 2019 denial of claim rendered by [Blue Cross.]

3. Following the initiation of the first level appeal, [Blue Cross] requested the [c]overed [p]erson's authorization to permit the [p]rovider to act as their authorized representative.

4. On August 19, 2019, the [c]overed [p]erson executed a document allowing the [p]rovider to act as the authorized representative for first level and second level appeals. This document was sent to [Blue Cross] on or about September 5, 2019.

5. On September 27, 2019, [Blue Cross] upheld the denial of the pre-authorization request in the first level appeal filed by the [p]rovider finding that the medical service sought was not medically necessary.

6. On November 19, 2019, the [p]rovider sent a second level appeal request as described by the [p]rovider, using [Blue Cross'] Appeal Request Form, as to the September 27, 2019 denial of coverage based on the lack of medical necessity.

7. By correspondence dated November 20, 2019, [Blue Cross] forwarded [Blue Cross'] external appeal notice and form to the [c]overed [p]erson.

8. A series of written communications occurred between the [p]rovider and [Blue Cross] between January and February 2020 via [Blue Cross'] Action Request Response Portal.

9. On August 31, 2020, the [p]rovider forwarded to [Blue Cross'] Medical Appeals Department another [Blue Cross] "Appeal Request Form" as to the September 27, 2019 denial.

10. On September 1, 2020, [Blue Cross] denied the request for second level appeal stating that the appeal request was received untimely.

11. The [p]rovider instituted an appeal to the Commissioner of Insurance for determination of eligibility for external review on September 29, 2020.

12. On October 5, 2020, … [the] LDI issued [n]otice of [the] [c]ommissioner's [d]ecision on appeal of [e]ligibility of [e]xternal [r]eview [c]ase [n]umber 20203024 finding that the request for second level appeal submitted on November 19, 2019 by the [p]rovider to be eligible for external review.

13. On October 26, 2020, after a series of exchanged communications with [Blue Cross], [the] LDI affirmed its issuance of the [n]otice of [the] [c]ommissioner's [d]ecision on [a]ppeal of [e]ligibility of [e]xternal [r]eview [c]ase [n]umber 20203024 to [Blue Cross].

4

On September 10, 2021, the LDI filed an answer to Blue Cross' Petition for Judicial Review, generally denying all of the allegations. On June 2, 2023, the district court held a hearing on Blue Cross' Petition for Judicial Review. At the hearing, Blue Cross argued that the LDI exceeded its authority under La. R.S. 22:2436-2438.[2] Specifically, Blue Cross asserted that if the authorized representative of the covered person filing a request for an external review is the medical provider, the statutory law required written authorization that provided a waiver by the medical provider, in writing, to any right to payment from a covered person. This authorization had to be signed by both the provider and the covered person, which was allegedly not done in this case. Blue Cross stated that it handled the first level appeal for this case internally and handled it as a "provider dispute." At the first level, Blue Cross denied the provider's claim as not medically necessary. When the provider sent a second level appeal[3] requesting external review, Blue Cross denied this request as untimely because Blue Cross

_____

[2] These specific statutes deal with the external review process for a covered person. A request for an external review pursuant to La. R.S. 22:2436-2438 shall not be made until the covered person has exhausted the health insurance issuer's internal claims and appeals process provided pursuant to La. R.S. 22:2401. See La. R.S. 22:2435(A)(1).

Louisiana Revised Statutes 22:2401 provides:

> Health insurance issuers shall implement effective processes for appeals of coverage determinations and claims. The processes shall comply with any applicable federal law or regulation. Under such processes, a health insurance issuer shall, at a minimum:
>
> (1) Have in effect an internal claims appeal process.
>
> (2) Provide notice to covered persons … of available internal and external appeals processes and the availability of the office of consumer advocacy of the Department of Insurance to assist such persons with the appeals process.
>
> (3) Allow covered persons, upon request and free of charge, to review and have copies of all documents relevant to the claim for benefits and to submit comments and documents relating to the claim, without regard to whether that information was submitted or considered in the initial benefit determination, and to receive continued coverage pending the outcome of the appeals process where required by applicable law or the plan document or policy.

[3] The second level appeal is done externally from the medical insurer by an independent review organization. An independent review organization is defined by La. R.S. 22:2392(33) as "an entity that conducts independent external reviews of adverse determinations and final adverse determinations."

5

alleged that it never received a proper authorization form from the provider and the covered person. Blue Cross argued that it was an untimely request because it was not made within four months from the denial of the first level appeal pursuant to La. R.S. 22:2436(A)[4] and the form was not completed by the covered person.

The LDI counter argued that the covered person submitted a form that stated that she authorized her healthcare provider to submit the appeal for both the first and second level appeals to Blue Cross. The LDI further argued that the same form was sent again to Blue Cross for a second level external review and that was done within the four-month period as required by La. R.S. 22:2436(A). The LDI asserted that Blue Cross could not argue that the authorization form was proper for the initial review at the first level appeal, but that the same form was defective for the second level appeal. Therefore, the LDI argued that the provider's request was timely made and that the October 5, 2020 directive should be affirmed.

After the parties presented their arguments at the hearing, the district court requested that the attorneys submit proposed judgments, findings of facts, and conclusions of law, and after consideration of the same, it would render a judgment. On July 7, 2023, the district court signed a judgment denying Blue Cross's Petition for Judicial Review. Blue Cross subsequently appealed.

Once the record was lodged in this court, on March 6, 2024, this court issued a rule to show cause, *ex proprio motu*, finding deficiencies in the July 7, 2023 judgment. The rule to show cause ordered the parties to show cause by briefs as to why the appeal should not be remanded. After the parties filed their show cause briefs, on April 4, 2024, this court issued an interim order remanding this matter to the district court for the limited purpose of instructing the district court to sign an

---

[4] Louisiana Revised Statutes 22:2436(A) provides:

> Within four months after the date of receipt of a notice of an adverse determination or final adverse determination pursuant to [La.] R.S. 22:2433, a covered person or his authorized representative may file a request for an external review with the health insurance issuer, regardless of the claim amount.

amended final judgment correcting the deficiencies. Pursuant to the interim order, the record on appeal was supplemented with an amended judgment signed on April 8, 2024 correcting the deficiencies. The rule to show cause order is recalled and the appeal is maintained.

## STANDARD OF REVIEW

The Louisiana Administrative Procedure Act, La. R.S. 49:978.1(G),[5] governs the judicial review of a final decision in an agency adjudication, providing that:

> The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
>
> (1) In violation of constitutional or statutory provisions;
>
> (2) In excess of the statutory authority of the agency;
>
> (3) Made upon unlawful procedure;
>
> (4) Affected by other error of law;
>
> (5) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
>
> (6) Not supported and sustainable by a preponderance of evidence as determined by the reviewing court. In the application of this rule, the court shall make its own determination and conclusions of fact by a preponderance of evidence based upon its own evaluation of the record reviewed in its entirety upon judicial review. In the application of the rule, where the agency has the opportunity to judge the credibility of witnesses by first-hand observation of demeanor on the witness stand and the reviewing court does not, due regard shall be given to the agency's determination of credibility issues.

Any one of the six bases listed in La. R.S. 49:978.1(G) is sufficient to modify or reverse an agency determination. See *Mid-City Automotive, LLC v. Louisiana Department of Public Safety*, 2019-1219 (La. App. 1 Cir. 5/11/20), 304 So.3d 457,

_____

[5] Louisiana Revised Statutes 49:978.1 was re-designated from La. R.S. 49:964 by 2022 La. Acts No. 663, § 1, effective August 1, 2022.

7

461. When reviewing an administrative final decision in an adjudication proceeding, the district court functions as an appellate court. *Coastal Bridge Company, LLC v. Louisiana State Licensing Board for Contractors*, 2022-0737 (La. App. 1 Cir. 1/11/23), 361 So.3d 40, 45, writ denied, 2023-00207 (La. 4/12/23), 359 So.3d 29. An aggrieved party may obtain a review of any final judgment of the district court by appeal to the appropriate circuit court of appeal. La. R.S. 49:979.

On review of the district court's judgment, no deference is owed by the court of appeal as to the factual findings or legal conclusions of the district court, just as no deference is owed by the Louisiana Supreme Court to factual findings or legal conclusions of the court of appeal. *Mid-City Automotive, LLC*, 304 So.3d at 461. Thus, an appellate court sitting in review of an administrative agency reviews the findings and decision of the administrative agency and not the decision of the district court. *Id.* Accordingly, this court will conduct its own independent review of the record in accordance with the standards provided in La. R.S. 49:978.1 to determine whether the October 5, 2020 directive was properly issued by the LDI. See *State Farm Fire and Casualty Company v. Donelon*, 2023-0535 (La. App. 1 Cir. 1/10/24), 383 So.3d 217, 223.

**DISCUSSION**

On appeal, Blue Cross contends that the DAL erred in finding that the provider's request for a second level appeal requesting external review met the legal requirements in La. R.S. 22:2432-2438. Blue Cross argues that the DAL erred in finding that the LDI did not act arbitrarily or capriciously abused its authority in finding that the provider's request was eligible for a second level appeal requesting external review and satisfied the four-month time delay set forth in La. R.S. 22:2436(A). Blue Cross further argues that the DAL erred in not finding that the LDI directive exceeded the authority of the LDI granted by the

8

Louisiana Constitution because it violated constitutional and statutory provisions. Specifically, Blue Cross argues that the LDI does not have constitutional or statutory authority to interpret legislation and order Blue Cross to conduct an independent review despite the provider not meeting the legal requirements of La. R.S. 22:2432-2438. Blue Cross asserts that the LDI directive "violates the separation of powers contained in the Louisiana Const. art. II, § 1[,] as [the] LDI has usurped the sole province of the legislature in determining the process of an [independent review] by an [independent review organization] by creating an extra-statutory process not based in law or fact." (Emphasis removed).

The Louisiana Constitution establishes that the LDI is headed by the Commissioner of Insurance. La. Const. art. IV, § 11. The commissioner "shall have powers and perform duties authorized by [the Louisiana] constitution or provided by law." *Id.* Pursuant to La. R.S. 22:2(A), the Commissioner of Insurance administers the provisions of the Louisiana Insurance Code. The Commissioner of Insurance has the authority to make "reasonable rules and regulations, not inconsistent with law, to enforce, carry out, and make effective the implementation of the [Louisiana Insurance] Code." La. R.S. 22:2(E). Pursuant to this authority, on October 5, 2020, the commissioner issued a directive, wherein the commissioner found that the provider, on behalf of the covered person, met the requirements needed to be eligible for a second level appeal requesting external review pursuant to La. R.S. 22:2432-2436.

Louisiana Revised Statutes 22:2436(C)(4)(a) authorizes the commissioner to determine whether requests for a second level appeal requesting external review are eligible for review. Specifically, La. R.S. 22:2436(C)(4)(a) grants the commissioner the authority to determine that a request is eligible for a second level appeal external review pursuant to Subsection B of this section, notwithstanding a health insurer's initial determination that the request is ineligible. No evidence

was offered by Blue Cross to either refute or override the commissioner's authority under this statute. In accordance with the statutory authority of La. R.S. 22:2436(C)(4)(c), the commissioner overturned the wrongful determination that the provider's request, on behalf of the covered person, for a second level appeal requesting external review was untimely and ineligible when, in fact, the request for review was filed timely, but was allegedly incomplete on the day of filing due to a missing form.[6] Therefore, we find that the commissioner, on behalf of the LDI, acted within the scope of his authority pursuant to La. R.S. 22:2436(C)(4)(c) in finding that the provider's request for a second level external review was valid.

This court must now determine if the provider was in fact entitled to a second level appeal requesting external review. Upon our independent review of the record in this matter, we find that the record reveals that the parties stipulated, in pertinent part, the following: (1) the provider initiated a first level appeal on behalf of the covered person; (2) Blue Cross responded to the request by asking for the covered person to permit the provider to act as her authorized representative; (3) on August 19, 2019, the covered person submitted the required form to Blue Cross allowing the provider to act as the authorized representative for the first and second level appeal; (4) Blue Cross received the required form on or about September 5, 2019; (5) Blue Cross denied the first level appeal filed by the provider and on November 19, 2019, the provider submitted a second level appeal; and (6) on November 20, 2019, Blue Cross sent a letter to the provider requesting written authorization from the covered person. After various correspondence

---

[6] Louisiana Revised Statutes 22:2436(C)(4)(c) provides:

> The commissioner shall notify the health insurance issuer and the covered person or his authorized representative of his determination about the eligibility of the request within five business days of the receipt of the request from the covered person. Within one business day of receipt of the commissioner's determination that a request is eligible for an external review, a health insurance issuer shall comply with Subsection D of this Section.

10

between the provider and Blue Cross, the provider's second level appeal requesting external review was denied as untimely on September 1, 2020.

The parties' stipulation of facts[7] indicates that Blue Cross initially accepted the authorization form from the provider and allowed him to proceed with the internal first level appeal on behalf of the covered person. However, when the provider filed the second level appeal requesting external review on November 19, 2019, the following day Blue Cross sent the covered person a letter stating that Blue Cross needed a written authorization form for the second level appeal requesting external review. Allegedly, a second written authorization form was never submitted to Blue Cross by the provider and/or covered person.

Louisiana Revised Statutes 22:2436 provides, in pertinent part:

> A. Within four months after the date of receipt of a notice of an adverse determination or final adverse determination pursuant to [La.] R.S. 22:2433, a covered person or his authorized representative may file a request for an external review with the health insurance issuer, regardless of the claim amount.
>
> B. Within five business days following the date of receipt of the external review request from the covered person or his authorized representative pursuant to Subsection A of this Section, the health insurance issuer shall complete a preliminary review of the request to determine whether all of the following have been met:
>
> (1) The individual is or was a covered person in the health benefit plan at the time the health care service was requested or, in the case of a retrospective review, was a covered person in the health benefit plan at the time the health care service was provided.
>
> (2) The health care service is the subject of an adverse determination or a final adverse determination.
>
> (3) The covered person has exhausted the health insurance issuer's internal claims and appeals process as provided

---

[7] It is well settled that a stipulation amounts to full proof against those who made it. *Davis v. Kreutzer*, 93-1498 (La. App. 4 Cir. 2/25/94), 633 So.2d 796, 801, writ denied, 94-0733 (La. 5/6/94), 637 So.2d 1050. Parties are bound by their stipulations regarding factual matters. A stipulation has the effect of a judicial admission or confession, which binds all parties and the court when it is not in derogation of law. *Cordon v. Parish Glass of St. Tammany, Inc.*, 2015-1078 (La. App. 1 Cir. 4/15/16), 195 So.3d 109, 112, writ denied, 2016-0896 (La. 9/6/16), 205 So.3d 918.

pursuant to [La.] R.S. 22:2401 unless the covered person is not required to exhaust the health insurance issuer's internal claims and appeals process pursuant to [La.] R.S. 22:2435.

(4) The covered person has provided all the information and forms required to process an external review, including the authorization form provided for in [La.] R.S. 22:2433(B).

In accordance with the statutory language above, a person who has been denied a claim for healthcare coverage at the first level appeal must file, within four months after the date of receipt of the adverse determination, a second level appeal requesting external review of their claim with their health insurance issuer. The statute further outlines the process for a health insurer to complete an external review process that is incomplete, *i.e.*, missing the required materials. Louisiana Revised Statutes 22:2436(C)(1) states that within five days of receipt of a request for an external review, the health insurance issuer shall notify the commissioner and the insured, or the insured's authorized representative, of the information and/or materials needed to make the second level appeal requesting external review complete.

In this case, the parties stipulated that on September 27, 2019, Blue Cross denied the provider's first level appeal, and on November 19, 2019, the provider sent a second level appeal external review request. The parties' stipulation of facts reveals that the provider's second level appeal external review request was filed within four months of the receipt of notice of the denial of his first level appeal as mandated by La. R.S. 22:2436(A). The following day, Blue Cross forwarded the external appeal notice and form to the covered person, not the provider, who was the covered person's authorized representative in the first level appeal. Louisiana Revised Statutes 22:2436(C) provides, in pertinent part:

(1) Within the five business days allowed for the completion of the preliminary review, the health insurance issuer shall notify the commissioner as provided pursuant to Subsection D of this Section and notify the covered person and, if applicable, his authorized representative of all the following, in writing, whether:

12

(a) The request is complete.

(b) The request is eligible for external review.

(2) If the request:

(a) Is not complete, the health insurance issuer shall inform the covered person and, if applicable, his authorized representative in writing and state with specificity in the notice the information or materials needed to make the request complete.

(b) Is not eligible for external review, the health insurance issuer shall inform the covered person and, if applicable, his authorized representative in writing and include in the notice the reasons for its ineligibility.

Louisiana Revised Statutes 22:2436(C) states that within five business days of Blue Cross' receipt of the second level appeal request from the provider, Blue Cross was obligated to inform the covered person and, if applicable, the covered person's authorized representative, in writing of any alleged defect related to the second level appeal requesting external review. It does not appear that Blue Cross notified the provider, as the covered person's authorized representative, as to why the request was incomplete in this. Months passed before Blue Cross ultimately denied the second level appeal external review request as untimely on September 1, 2020. Thus, it appears that Blue Cross failed to follow the applicable statutory language provided in La. R.S. 22:2436(C) to determine that the provider's second level appeal external review request was untimely.

Accordingly, the record reveals that the LDI acted within the scope of its authority in making the determination that the provider's request was timely and eligible for a second level appeal requesting external review pursuant to La. R.S. 22:2436(A) despite full compliance. Therefore, we find that Blue Cross failed to carry its burden of proving that the commissioner acted arbitrarily, capriciously, or abused his discretion in determining that the provider's request for a second level appeal requesting external review was timely filed pursuant to La. R.S. 22:2436(A). See Cedyco Corp. v. Department of Natural Resources, 2007-2500 (La. App. 1 Cir. 7/23/08), 993 So.2d 271, 275.

13

We next address Blue Cross' argument that the LDI exceed its authority granted by the Louisiana legislature and violated the Louisiana Constitution by issuing the October 5, 2020 directive. Specifically, Blue Cross argues that the LDI's directive "has usurped the sole province of the legislature … by creating an extra-statutory process not based in law or fact." Blue Cross further argues that no provision of law provides for an extension or suspension of the four-month period mandated by La. R.S. 22:2436(A).

As discussed above, the statutory language provided in La. R.S. 22:2436 states that the commissioner is granted the power to determine whether a second level appeal requesting external review is eligible for review. Specifically, La. R.S. 22:2436(C)(4)(a) grants the commissioner the authority to determine that a request is eligible for external review, notwithstanding a health insurer's initial determination that the request is ineligible. In this case, the commissioner determined that the provider request was eligible for a second level appeal requesting external review pursuant to La. R.S. 22:2432-2436. Based on a thorough review of the record, we find that the commissioner acted within the constitutional authority granted to him by the applicable provision of La. R.S. 22:2436(C)(4)(a) in making the determination that the provider was eligible for second level appeal requesting external review. Accordingly, the judgment of the district court is affirmed.

## CONCLUSION

For the above and foregoing reasons, the March 6, 2024 rule to show cause order is recalled, and the appeal is maintained. The April 8, 2024 judgment denying Blue Cross' petition for judicial review and affirming the October 5, 2020 directive and decision of the Division of Administrative Law is affirmed. The costs of these proceedings are assessed to the plaintiff, Louisiana Health Service & Indemnity Company d/b/a Blue Cross and Blue Shield of Louisiana.

14

**RULE TO SHOW CAUSE ORDER RECALLED; JUDGMENT AFFIRMED.**