STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2019 CA 0802

CURTIS SHEPHERD SR., DEBRA WILLIAMS, MICHAEL SHEPHERD,
LINDA SHEPHERD, NATHANIEL SHEPHERD JR., STEPHEN
SHEPHERD, CHRISTOPHER SHEPHERD, AND RODNEY SHEPHERD,
INDIVIDUALLY AND AS THE HEIRS OF NADINE SHEPHERD
AND ON BEHALF OF THE ESTATE OF NADINE SHEPHERD

VERSUS

BATON ROUGE CARDIOLOGY CENTER, DR. RODNEY EVENS,
DR. VENKAT SURAKANTI, OUR LADY OF THE LAKE
REGIONAL MEDICAL CENTER, AND EAST BATON ROUGE
PARISH EMERGENCY MEDICAL SERVICES

*Judgment Rendered:* MAR 1 2 2020

* * * * * * * *

Appealed from the
19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Case No. 631952

The Honorable Timothy E. Kelley, Judge Presiding

* * * * * * * *

| | |
|---|---|
| Quincy M. Richard, Jr.<br>Stacy L. Christophe<br>Baton Rouge, Louisiana | Counsel for Plaintiffs/Appellants<br>Curtis Shepherd, Sr., et al. |
| Anderson O. "Andy" Dotson<br>Arthur "Howell" Andrews, Sr.<br>Baton Rouge, Louisiana | Counsel for Defendant/Appellee<br>City of Baton Rouge, Parish of East<br>Baton Rouge, through the Department of<br>Emergency Medical Services |

* * * * * * * *

BEFORE: McDONALD, THERIOT, AND CHUTZ, JJ.

McDonald, J. Concurs with reasons.

**THERIOT, J.**

Curtis Shepherd, Sr., Debra Williams, Michael Shepherd, Linda Shepherd, Nathaniel Shepherd, Jr., Stephen Shepherd, Christopher Shepherd, and Rodney Shepherd, individually and as heirs of Nadine Shepherd and on behalf of the estate of Nadine Shepherd, appeal the Nineteenth Judicial District Court's judgment granting East Baton Rouge Parish Emergency Medical Services' exception of no right of action. For the following reasons, the Nineteenth Judicial District Court's judgment is reversed and the matter is remanded for further proceedings consistent with this opinion.

## FACTS AND PROCEDURAL HISTORY

On May 30, 2013, Curtis Shepherd, Sr., Debra Williams, Michael Shepherd, Linda Shepherd, Nathaniel Shepherd, Jr., Stephen Shepherd, Christopher Shepherd, and Rodney Shepherd, individually and as heirs of Nadine Shepherd and on behalf of the estate of Nadine Shepherd (collectively "Appellants"), filed a petition for medical review panel. Appellants requested that a medical review panel be convened to investigate the treatment of Nadine Shepherd from April 25, 2012 and thereafter by Baton Rouge Cardiology Center, Dr. Rodney Evens, Dr. Venkat Surakanti, Our Lady of the Lake Regional Medical Center ("OLOL"), and East Baton Rouge Parish Emergency Medical Services ("EMS"). This appeal concerns only Appellants' claims against EMS.

Appellants asserted in their petition for medical review panel that, on or about July 7, 2012, EMS was called out because Mrs. Shepherd was having complications with her heart indicative of cardiac arrest.[1] Appellants alleged that, while in transit to OLOL, EMS paramedics failed to adhere to Advanced Cardiovascular Life Support Protocol in favor of merely talking to Mrs. Shepherd

---

[1] Mrs. Shepherd had recently been discharged from OLOL on June 21, 2012, after undergoing a cardiac procedure performed by Dr. Venkat Surakanti.

2

in hopes of maintaining her consciousness. Mrs. Shepherd was admitted to OLOL, where she died due to complications experienced in cardiac arrest.

In their petition for medical review panel, Appellants asserted that they are the children of Mrs. Shepherd, and thus entitled to maintain a wrongful death and survival action.[2] Appellants further asserted that they were entitled to damages for loss of love, affection, enjoyment of life, and society and services due to their mother's death, as well as past medical expenses.

On November 13, 2014, EMS filed an exception of no right of action. EMS asserted that, at all times pertinent, EMS was performing its medical duties under the direction of a physician and is thus immune from suit pursuant to La. R.S. 40:1233.[3] EMS attached two exhibits to its exception: (1) the affidavit of Jeremy Landry, a unit commander for EMS who had provided care to Mrs. Shepherd, who stated that EMS had been in contact with and followed all directions and instructions provided by OLOL's Medical Control throughout the transportation of Mrs. Shepherd to OLOL; and (2) a Prehospital Care Report, which summarized the care provided to Mrs. Shepherd prior to her reaching OLOL.

On February 19, 2015, Appellants filed a memorandum in opposition to EMS's exception of no right of action. Appellants specifically pointed out that the Prehospital Care Report provided by OLOL lacked a signature by a physician acknowledging that he or she had authorized the care provided to Mrs. Shepherd. Accordingly, Appellants argued that Jeremy Landry was not following the instructions of a physician while rendering emergency medical care to Mrs. Shepherd, and thus did not qualify for immunity based on La. R.S. 40:1133.13.

In a judgment signed May 4, 2015, the trial court granted EMS's exception of no right of action and dismissed Appellants' claims against EMS with prejudice.

_____

[2] Because Appellants are Mrs. Shepherd's children, Appellants have a right to bring both a wrongful death action and a survival action pursuant to La. Civ. Code arts. 2315.1 and 2315.2.

[3] Louisiana Revised Statutes 40:1233 has now been redesignated to La. R.S. 40:1133.13. For clarity, this statute shall be referred to as La. R.S. 40:1133.13 for the remainder of this opinion.

On July 30, 2015, Appellants filed a motion for devolutive appeal. The trial court granted the devolutive appeal in an order signed on August 4, 2015.

## ASSIGNMENT OF ERROR

Appellants assign the following as error.

(1) The trial court erred in granting Defendant, the East Baton Rouge Parish Emergency Medical Services' exception of no right of action.

## STANDARD OF REVIEW

The standard of review of a ruling on an exception of no right of action, which presents a question of law, is *de novo*. *LeCompte v. Continental Casualty Co.*, 2016-1359 (La. App. 1 Cir. 7/12/17); 224 So.3d 1005, 1009, *writ denied*, 2017-1525 (La. 12/15/17); 231 So.3d 635. The function of an exception of no right of action is a determination of whether plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the petition. The exception of no right of action serves to question whether the plaintiff in the particular case is a member of the class of persons that has a legal interest in the subject matter of the litigation. *Badeaux v. Southwest Computer Bureau, Inc.*, 2005-0612 (La. 3/17/06); 929 So.2d 1211, 1216-17.

## DISCUSSION

In their sole assignment of error, Appellants assert that the trial court erred in granting EMS's exception of no right of action. Although the two exceptions are often confused, the peremptory exceptions of no right of action and no cause of action are separate and distinct. La. Code Civ. P. art. 927(A)(5) and (6); *State, by and through Caldwell v. Astra Zeneca, AB*, 2016-1073 (La. App. 1 Cir. 4/11/18); 249 So.3d 38, 42, *writs denied*, 2018-0766, 2018-0758 (La. 9/21/18); 252 So.3d 899, 904. The function of the exception of no right of action is a determination of whether plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the petition. La. Code Civ. P. art. 927(A)(6); *Caldwell*, 249

4

So.3d at 42. In examining an exception of no right of action, a court should focus on whether the particular plaintiff has a right to bring the suit, but assume that the petition states a valid cause of action for some person. Evidence supporting or controverting an exception of no right of action is admissible; however, in the absence of evidence to the contrary, the averments of fact in the pleadings will be taken as true. Determination of whether a plaintiff has a right of action is a question of law. *Caldwell*, 249 So.3d at 42-43.

Louisiana Revised Statutes 40:1133.13 provides in pertinent part:

(A)(1) Any emergency medical services practitioner, licensed pursuant to the provisions of this Part who renders emergency medical care to an individual while in the performance of his medical duties and following the instructions of a physician shall not be individually liable to such an individual for civil damages as a result of acts or omissions in rendering the emergency medical care, except for acts or omissions intentionally designed to harm, or for grossly negligent acts or omissions which result in harm to such an individual. Nothing herein shall relieve the driver of the emergency vehicle from liability arising from the operation or use of such vehicle. (Emphasis added.)

(2) The immunity granted to emergency medical services practitioners by the provisions of this Part shall extend to parish governing authorities, police departments, sheriffs' offices, fire departments, or other public agencies engaged in rendering emergency medical services and its insurers with respect to such emergency medical services unless the emergency medical services practitioner employed by such agencies would be personally liable under the provisions of Paragraph (1) of this Subsection.

By enacting La. R.S. 40:1133.13, "the Legislature granted EMTs a qualified immunity for liability from ordinary negligence claims; this immunity does not cover intentional or grossly negligent acts or omissions." *Miller v. Acadian Ambulance Service, Inc.*, 2017-1096 (La. App. 3 Cir. 5/23/18); 248 So.3d 469, 477-78, *writ denied*, 2018-1452 (La. 11/20/18); 256 So.3d 990, quoting *Rathey v. Priority EMS, Inc.*, 2004-0199 (La. App. 4 Cir. 1/12/05); 894 So.2d 438, 461, *writs denied*, 2005-0789, 2005-0802 (La. 5/6/05); 901 So.2d 1107, 1108.

An immunity from liability destroys the plaintiff's substantive cause of action against the immune party, whereas an immunity from suit merely restricts

5

the plaintiff's right to sue the defendant. *Descant v. Administrators of Tulane Educational Fund*, 93-3098 (La. 7/5/94); 639 So.2d 246, 249. Louisiana Revised Statutes 40:1133.13 does not grant emergency medical personnel immunity from suit, only immunity from liability under certain circumstances. First, the EMT must be rendering emergency medical care to an individual while in the performance of his medical duties. Second, the EMT must be following the instructions of a physician. Third, the immunity from liability does not apply to acts or omissions intentionally designed to harm, or for grossly negligent acts or omissions which result in harm to such an individual. La. R.S. 40:1133.13(A)(1); *Kyser v. Metro Ambulance, Inc.*, 33,600 (La. App. 2 Cir. 6/21/00); 764 So.2d 215, 219, *writ denied*, 2000-2212 (La. 10/27/00); 772 So.2d 650; see also *Rathey*, 894 So.2d at 461.

Thus, EMS is not immune from suit, but is instead immune from liability if the above circumstances apply. Accordingly, any immunity from liability would not have destroyed Appellants' right of action against EMS. The exception of no right of action should have been denied by the trial court.[4]

## DECREE

For the above and foregoing reasons, the Nineteenth Judicial District Court's judgment granting East Baton Rouge Parish Emergency Medical Services' exception of no right of action is reversed and the matter is remanded for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**

---

[4] Statutory immunity may be raised as an affirmative defense in a defendant's answer to a petition after the medical review panel process is complete and a lawsuit has been filed. See La. Code Civ. P. art. 1005; see also *Davis v. Hoogacker*, 2018-0921 (La. App. 1 Cir. 12/21/18); 2018 WL 6718507 at *3 (finding that an employer's immunity from tort provided by workers' compensation law is an affirmative defense and thus not properly raised by the objection of no right of action); *Sauceberry v. Webre*, 2016-0719 (La. App. 1 Cir. 5/5/17); 2017 WL 1788096 at *4, n.2, *writ denied*, 2017-1524 (La. 11/17/17); 229 So.3d 931 (noting that a claim of discretionary immunity from liability arising from policymaking or discretionary acts under La. R.S. 9:2798.1 is an affirmative defense); *White v. New Orleans Center for Creative Arts*, 2019-0213 (La. App. 4 Cir. 9/25/19); 281 So.3d 813, 822, *writ denied*, 2019-01725 (La. 12/20/19); 286 So.3d 428 (finding that the immunity created by La. Ch. C. art. 611, which applies to mandatory reporters of child abuse, is an affirmative defense and is not properly raised via peremptory exception).

CURTIS SHEPHERD SR., ET AL.

VERSUS

BATON ROUGE CARDIOLOGY CENTER, ET AL.

**McDONALD, J., concurring.**

I agree with reversal of the judgment in this case. I write separately to discuss one issue.

During the pendency of a medical review process, it appears that, under La. R.S. 40:1231B(2)(a), a health care provider against whom a medical malpractice claim has been filed may only raise peremptory exceptions of no right of action under La. C.C.P. art. 927(6) or prescription defenses under La. R.S. 9:5628. In this case, while the medical review process was pending, EMS improperly tried to use an exception of no right of action to raise the defense of statutory immunity. As pointed out in footnote 4 of Judge Theriot's opinion, this court has indicated that the proper means to raise statutory immunity is by an affirmative defense in an answer to a petition after the medical review process is complete and a lawsuit has been filed – not by an exception of no right of action while the medical review process is pending.